IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:22-cv-\_\_\_\_

STATE OF FLORIDA; and
FLORIDA AGENCY FOR HEALTH
CARE ADMINISTRATION,

*Plaintiffs*,

v.

FOOD AND DRUG ADMINISTRATION;
and DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

*Defendants.*

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. In June 2019, Florida Governor Ron DeSantis signed legislation directing Plaintiff Florida Agency for Health Care Administration ("AHCA"), an arm of Plaintiff State of Florida ("Florida" or "the State"), to establish the Canadian Prescription Drug Importation Program ("Program") as part of an effort to lower prescription drug prices. *See* Fla. Stat. § 381.02035.

2. Certain critical prescription drugs can cost Florida almost $400 per pill, putting a significant strain on its healthcare budget.

1

3. Prescription drug prices are often substantially lower in Canada than in the United States. The Program will therefore import safe and effective prescription drugs—like those for treating HIV/AIDS and hepatitis C—from Canada that have the highest potential for cost savings to Florida.

4. The Program was designed to comply with section 804 of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 384, and its implementing regulations at 21 C.F.R. part 251, which provide for Canadian drug importation programs. These programs are also known as "Section 804 Importation Programs" ("SIPs").

5. During the first phase, the Program will import prescription drugs to treat conditions such as HIV/AIDS, diabetes, hepatitis C, and mental illness. The Program will support Florida Medicaid recipients, patients at facilities run by the Florida Department of Children and Families, individuals under the care of the Florida Agency for Persons with Disabilities, patients at county health departments managed by the Florida Department of Health, and inmates in the custody of the Florida Department of Corrections.

6. Florida estimates the Program could save State taxpayers up to $150 million annually once fully implemented, which can be used to improve access to services for Medicaid recipients, children, and persons with disabilities or chronic conditions.

7. Florida is ready, willing, and able to begin operating the Program immediately, having already built a refrigerated distribution facility and procured an approved importer and distributor currently being paid $1.2 million per month.

8. But Florida's ability to begin operating the Program is stuck in the starting blocks because of Defendant Food and Drug Administration ("FDA"). By regulation, the FDA must first approve the Program before Plaintiffs can import prescription drugs. Plaintiffs submitted the required "SIP proposal" for the Program in November 2020.

9. In the nearly two years while Florida's SIP proposal has been pending, the FDA has asked for several clarifications and supplements but has provided no outward evidence of substantive progress towards approving the proposal. The FDA has also refused to provide a timeline for the approval process.

10. Given the delay, AHCA submitted a Freedom of Information Act ("FOIA") request to the FDA, *see* 5 U.S.C. § 522, seeking relevant documents about Florida's and other states' SIP proposals. The FDA has not responded within FOIA's statutory deadline. Plaintiffs accordingly bring this suit to compel the FDA to respond to the FOIA request and provide the requested documents.

## PARTIES

11. Plaintiff State of Florida is a sovereign state and has the authority and responsibility to protect its sovereign interests, its public fisc, and the health, safety, and welfare of its citizens.

12. Plaintiff Florida Agency for Health Care and Administration is an agency and arm of the State of Florida, and will administer the Program once it is approved by the FDA.

13. Defendant Food and Drug Administration is the recipient of the FOIA request at issue in this suit.

14. Defendant Department of Health and Human Services is the parent agency of the Food and Drug Administration.

## LEGAL STANDARD

15. FOIA requires a federal administrative agency to promptly make available requested, non-exempt agency records in response to a request that (a) reasonably describes such records, and (b) "is made in accordance with published rules stating the time, place, fees, ... and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A); *see also* 21 C.F.R. §§ 20.40, 20.41.

16. FOIA requires federal agencies to respond to a valid request within 20 working days (i.e., exempting Saturdays, Sundays, and legal public holidays) after receipt of such request, including notifying the requestor immediately of its determination, the reasons therefor, and the right to appeal

any adverse determination. 5 U.S.C. § 552(a)(6)(A)(i); *see also* 21 C.F.R. § 20.41(b).

17. In certain circumstances, a federal agency may provide notice to the requester that "unusual circumstances" merit additional time—up to an additional 10 working days—to respond to the request. 5 U.S.C. § 552(a)(4)(viii)(II)(aa); *see also* 21 C.F.R. § 20.41(b)(3).

18. If the federal agency does not respond to a FOIA request by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review. 5 U.S.C. § 552(a)(6)(C)(i).

## JURISDICTION AND VENUE

19. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201.

20. Venue is proper under 28 U.S.C. § 1391(e)(1) because an agency of the United States is a Defendant, and the State of Florida is a resident of every judicial district and division in its sovereign territory, including this judicial district and division. *See Florida v. United States*, No. 3:21-cv-1066, 2022 WL 2431443, at *2 (N.D. Fla. Jan. 18, 2022) ("It is well established that a state 'resides at every point within its boundaries.'" (alteration omitted) (quoting *Atlanta & F.R. Co. v. W. Ry. Co. of Ala.*, 50 F. 790, 791 (5th Cir. 1892))); *see also California v. Azar*, 911 F.3d 558, 569–70 (9th Cir. 2018) ("[A] state with

multiple judicial districts 'resides' in every district within its borders"); *Alabama v. U.S. Army Corps of Eng'rs*, 382 F. Supp. 2d 1301, 1329 (N.D. Ala. 2005).

## FACTUAL BACKGROUND

21. On July 6, 2022, AHCA submitted a FOIA request and fee waiver to the FDA. Ex. A. The FOIA request sought, *inter alia*:

   a. Records relating to Florida's SIP proposal.

   b. Records relating to Canadian drug importation programs, including SIP proposals, for Colorado, New Mexico, New Hampshire, Vermont, and Maine.

   c. Records relating to Canadian drug importation programs and private pharmaceutical stakeholders, including pharmaceutical companies, lobbying groups, and advocacy groups, including the Pharmaceutical Research and Manufacturers of America.

   d. Records relating to the development of the SIP review and approval process, including certain regulatory terms and requirements. 21 C.F.R. §§ 251.3(d)(11)(v), 251.3(e)(9).

   e. Records related to an FDA presentation (a copy of which was attached to the FOIA request) titled "Section 804 Importation Program: Overview of Final Rule and Implementation."

6

  f. Records related to an FDA presentation (a copy of which was attached to the FOIA request) titled "Projecting Cost Savings for the American Consumer."

  g. Records relating to the basis or bases for denial of a SIP proposal. 21 C.F.R. § 251.4(a).

22. The FDA acknowledged the request on July 7, 2022, and noted "the twenty-working-day time limit in this case, as well as the ten additional days provided by the FOIA." Ex. B.

23. When it submitted its FOIA request, AHCA requested expedited processing pursuant to 21 C.F.R. § 20.44(e), given the importance of the Program to Floridians who would benefit from life-saving prescription drugs. *See* Ex. A at 2–3. The FDA denied that request on July 20, 2022, because there is allegedly no "urgency to inform the public" about this "Federal Government activity." Ex. C.

24. To date, the FDA has not responded to the FOIA request, nor provided any responsive materials, nor explained that responsive materials have been or will be withheld.

25. The FDA's FOIA portal listed the "Due Date" for the request as August 4, 2022. Ex. D.

## CLAIMS FOR RELIEF

## COUNT ONE

**(Failure to Comply with Statutory Deadlines in Violation of FOIA)**

26. The allegations in paragraphs 1–25 are expressly incorporated herein as if restated in full.

27. To date, the FDA has failed to respond to the FOIA request identified above.

28. More than 20 working days have passed since that FOIA request was received and logged by the FDA on July 7, 2022.

29. FOIA requires the FDA to have provided a final determination within 20 working days of AHCA's FOIA request. The FDA may extend this 20-day period in the event of "unusual circumstances," as defined by 5 U.S.C. § 552(a)(6)(B)(iii), for a maximum of 10 working days, but must provide AHCA with notice of doing so. *See id.* § 552(a)(4)(A)(viii)(II)(aa), (6)(B)(ii).

30. The FDA did not provide a final determination within 20 working days of receiving and logging the FOIA request, nor has the FDA stated that unusual circumstances exist warranting a 10-day extension. Even if the FDA had invoked that extension, 30 working days have passed since the FDA received and logged the FOIA request.

31. The FDA has thus failed to timely make a determination, in violation of FOIA. *See* 5 U.S.C. § 552(a)(6).

32. All administrative remedies required by FOIA have been constructively exhausted. *See* 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT TWO
### (Unlawful Withholding of Agency Records in Violation of FOIA)

33. The allegations in paragraphs 1–25 are expressly incorporated herein as if restated in full.

34. FOIA requires the FDA to process records requests and promptly provide the requested records or the reasonably segregable portion of records not subject to a FOIA exemption. 5 U.S.C. § 552(a)(3)(B).

35. The FDA has neither provided AHCA any responsive documents in response to its request, nor has the FDA claimed that any responsive records are exempt from disclosure.

36. Therefore, the FDA's failure to produce requested records or claim applicable exemptions violates FOIA. 5 U.S.C. § 552(a)(3)(B).

## COUNT THREE
### (Declaratory Judgment)

37. The allegations in paragraphs 1–25 are expressly incorporated herein as if restated in full.

38. For the same reasons described in each of the previous counts, Plaintiffs are entitled to a declaratory judgment that the Defendant has been and is violating the law.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court:

A. Declare that the FDA failed to make a timely determination on AHCA's request, in violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

B. Declare that the FDA failed to promptly provide records responsive to AHCA's request, in violation of FOIA, 5 U.S.C. § 552(a)(3);

C. Order the FDA to immediately conduct a reasonable search for all responsive records, as required by FOIA, 5 U.S.C. § 552(a)(3)(C);

D. Order the FDA to immediately provide a determination on AHCA's request, as required by FOIA, 5 U.S.C. § 552(a)(6)(A)(i);

E. Order the FDA to promptly disclose to AHCA all responsive, non-exempt records, as required by FOIA, 5 U.S.C. § 552(a)(3);

F. Award reasonable attorneys' fees and allowable costs, including under 5 U.S.C. § 552(a)(4)(E); and

G. Grant Plaintiffs such other and further relief to which they are justly entitled at law and in equity.

Dated: August 29, 2022

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/ James H. Percival
James H. Percival* (FBN 1016188)
DEPUTY ATTORNEY GENERAL OF LEGAL POLICY

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Natalie Christmas (FBN 1019180)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com
* Lead Counsel

Counsel for the State of Florida

/s/ Andrew T. Sheeran
ANDREW T. SHEERAN*
Acting Deputy General Counsel
Chief Litigation Counsel
Florida Bar I.D. No. 0030599
Andrew.Sheeran@ahca.myflorida.com
Agency for Health Care Administration
2727 Mahan Drive, Mail Stop #3
Tallahassee, Florida 32308
(850) 412-3670
* Lead Counsel

C. Boyden Gray (pro hac vice forthcoming)
R. Trent McCotter (pro hac vice forthcoming)
Jonathan Berry (pro hac vice forthcoming)
Jared M. Kelson (pro hac vice forthcoming)
BOYDEN GRAY & ASSOCIATES, PLLC
801 17th St. NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

Counsel for Agency for Health Care Administration

11