# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| State of Florida, *et al.*,<br><br>                              Plaintiffs,<br><br>        v.<br><br>Food and Drug Administration, *et al.*,<br><br>                              Defendants. | Case No. 8:22-cv-01981-TPB-JSS |

## Answer to Amended Complaint

The U.S. Food and Drug Administration ("FDA"), Robert M. Califf, M.D., in his official capacity as Commissioner of Food and Drugs, the U.S. Department of Health and Human Services ("HHS"), and Xavier Becerra, in his official capacity as Secretary of HHS (collectively "Defendants"), deny all allegations in the Amended Complaint, ECF No. 7, including the relief sought, except as specifically admitted in this Answer. Defendants admit, deny, or otherwise answer the numbered paragraphs in the Amended Complaint as follows.

1.      No response is required to Plaintiffs' characterization of the cited statute. To the extent a response is required, Defendants deny any allegation inconsistent with the contents and purpose of the cited statute.

2.     Defendants deny the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

3.     No response is required to Plaintiffs' characterizations of the cited report. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited report.

4.     No response is required to Plaintiffs' characterizations in the first two sentences of the cited statute and regulations. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited statute and regulations. Defendants deny the allegations in the third and fourth sentences for lack of knowledge or information sufficient to form a belief as to their truth.

5.     Defendants deny the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

6.     Defendants deny the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

7.     Defendants admit that FDA must authorize Florida's Section 804 Importation Program ("SIP") proposal before Florida may operate its program. Defendants deny the remaining allegations.

8.     Defendants admit that they received Florida's concept paper in August 2019 and that Florida submitted a formal application to FDA for its SIP program in November 2020. Defendants also admit that FDA and HHS issued a

final rule with the applicable regulations on October 1, 2020, providing an effective date of November 30, 2020. No response is required to Plaintiffs' characterizations in the third sentence of its SIP proposal. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the SIP proposal.

9.      Defendants admit that FDA has asked Florida for additional clarifications and supplements to its SIP proposal since it was first submitted in November 2020. Defendants deny the characterizations of those requests and deny the remainder of the allegations.

10.     Defendants deny the allegations in the first sentence for lack of knowledge or information sufficient to form a belief as to their truth. Defendants admit that Florida's SIP proposal is pending with FDA, but deny the remaining allegations in the second sentence. Defendants admit that FDA has not provided an estimate for a decision on Florida's SIP proposal.

11.     No response is required to Plaintiffs' characterization in the first sentence of the cited Executive Order. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited Executive Order. Defendants deny the allegations in the second and third sentences.

12.     Defendants deny the allegations.

13.     No response is required to Plaintiffs' quotation of Governor DeSantis. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited article.

14.     Defendants deny that FDA has delayed action on, or otherwise been inactive with respect to, Florida's SIP proposal. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

15.     Defendants deny that FDA has been idle with respect to Florida's SIP proposal. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

16.     No response is required to Plaintiffs' quotation of Governor DeSantis. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited article.

17.     Defendants deny the allegations.

18.     Defendants deny the allegation in the first sentence that FDA has substantially delayed action on Florida's SIP proposal. Defendants admit that the Florida Agency for Health Care Administration ("AHCA") submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, which is still pending with FDA. Defendants respectfully refer the Court to that FOIA request for a full and accurate statement of its contents and deny any allegation

4

inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations about Plaintiffs' motivations for bringing suit.

19.     Defendants admit that Florida is a state within the United States of America. No response is required to the remaining allegations, which consist of legal conclusions.

20.     Defendants admit that AHCA submitted the FOIA request at issue in this suit. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

21.     Defendants admit that FDA received the FOIA request at issue in this suit. Defendants deny the remaining allegations.

22.     Defendants admit the allegations.

23.     Defendants admit the allegation.

24.     Defendants admit the allegations.

25.     No response is required to Plaintiffs' characterization of the cited case. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited case.

26.     No response is required to Plaintiffs' characterization of the Administrative Procedure Act ("APA"). To the extent a response is required,

Defendants deny any allegation inconsistent with the contents of the cited statutory provisions.

27.   No response is required to Plaintiffs' characterization of the cited statute and regulation. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited statute and regulation.

28.   No response is required to Plaintiffs' characterization of judicial decisions related to claims of unreasonable agency delay under the APA. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the decisions themselves.

29.   No response is required to Plaintiffs' characterization of the cited case. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited case.

30.   Defendants deny the allegation in the first sentence. As for the second sentence, Defendants admit that FDA received Florida's initial SIP proposal in November 2020, that Florida's SIP proposal remains pending with FDA, and that FDA has not provided a timeline for resolving Florida's SIP proposal. Defendants deny the allegations in the third sentence for lack of knowledge or information sufficient to form a belief as to their truth. Defendants deny the allegations in the fourth sentence.

31.    Defendants deny the allegation in the first sentence. No response is required to Plaintiffs' characterization of the cited case. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited case.

32.    No response is required to Plaintiffs' characterizations of the FOIA and FDA regulations. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited statute and regulations.

33.    No response is required to Plaintiffs' characterizations of the FOIA and an FDA regulation. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited statute and regulation.

34.    No response is required to Plaintiffs' characterizations of the FOIA and an FDA regulation. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited statute and regulation.

35.    No response is required to Plaintiffs' characterizations of the FOIA. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited statute.

36.    No response is required to Plaintiffs' legal conclusion regarding jurisdiction. To the extent a response is required, Defendants admit that jurisdiction is proper.

37.     No response is required to Plaintiffs' legal conclusion about venue. To the extent a response is required, Defendants admit that venue is proper. Defendants deny the allegations concerning Florida's warehouse or ongoing contract for lack of knowledge or information sufficient to form a belief about their truth.

38.     No response is required to these allegations in which Plaintiffs characterize the cited statutes. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited statutes.

39.     No response is required to the first sentence in which Plaintiffs characterize the cited statute. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited provision. Defendants deny the remaining allegations. Defendants aver that, on October 1, 2020, after notice and comment rulemaking, HHS and FDA issued a final rule regarding SIPs.

40.     Defendants admit that they received Florida's concept paper in August 2019. No response is required regarding Plaintiffs' characterizations of the concept paper. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited concept paper. Defendants deny the allegations in the last sentence regarding the intent of the concept paper for lack of knowledge or information sufficient to form a belief as to their truth.

41.     Defendants admit that, in fall 2020, FDA and HHS issued the cited final rule, but Defendants deny that the final rule constituted a collaboration between Defendants and Governor DeSantis. Defendants also admit that, in September 2020, Secretary of HHS Azar transmitted a certification related to Section 804 of the Federal Food, Drug, and Cosmetic Act to Congress. No response is required to Plaintiffs' description of the cited final rule and certification. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited final rule and certification.

42.     No response is required to Plaintiffs' characterizations of FDA regulations. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited regulations.

43.     No response is required to Plaintiffs' characterization of an FDA regulation. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited regulation.

44.     No response is required to Plaintiffs' characterizations of the cited article and website. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited article and website.

45.     No response is required to Plaintiffs' characterization of the cited article. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited article.

46.    In the first sentence, no response is required to Plaintiffs' characterizations of the cited statute. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited statute. Also in the first sentence, Defendants deny the allegation that Governor DeSantis requested this legislation for lack of knowledge or information sufficient to form a belief as to the truth. Defendants deny all remaining allegations, which describe future activities resulting from Florida's proposed SIP, for lack of knowledge or information sufficient to form a belief as to their truth.

47.    In the first sentence, Defendants admit that they received Florida's concept paper in August 2019; otherwise, no response is required to Plaintiffs' remaining allegations about what the concept paper demonstrated or provided to HHS. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited concept paper.

48.    Defendants admit that FDA received Florida's initial SIP proposal in November 2020. No response is required to Plaintiffs' characterization of Florida's proposal. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited proposal.

49.    Defendants admit that Florida's November 2020 SIP Proposal did not identify a foreign seller. Otherwise, no response is required to Plaintiffs' characterizations of an FDA regulation and the cited final rule. To the extent a

10

response is required, Defendants deny any allegation inconsistent with the contents of the cited FDA regulation and the cited final rule.

50.   Defendants deny the allegations.

51.   Defendants admit only that, in April 2021, Florida informed FDA that Methapharm Inc. had agreed to serve as the foreign seller. Defendants otherwise deny the allegations, to the extent they aver the actual legal relationship between Florida and Methapharm Inc., for lack of knowledge or information sufficient to form a belief as to their truth.

52.   Defendants admit that, in April 2021, FDA received a revised SIP proposal from Florida. No response is required to the remainder of the allegations, which characterize the contents of the April 2021 revised proposal. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited April 2021 proposal.

53.   Defendants deny the allegations.

54.   Defendants deny the allegations in this paragraph (including photographs) for lack of knowledge or information sufficient to form a belief as to their truth.

55.   Defendants deny the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

56.     Defendants admit that, in July 2021, President Biden issued Executive Order 14036. No response is required to Plaintiffs' characterization of the cited Executive Order. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited Executive Order. Defendants deny the last sentence of this paragraph.

57.     Defendants admit that, in a letter dated August 20, 2021, FDA identified required information not included in Florida's initial SIP proposal or Florida's April 2021 revised SIP proposal and requested that Florida submit the required information to FDA. Defendants also admit that, on September 15, 2021, FDA received a letter from Simone Marstiller, Secretary of AHCA, and Julie Brown, then-Secretary of the Florida Department of Business and Professional Regulation, which included, as an attachment, a revision to Florida's SIP proposal. No response is required to the remainder of the allegations in this paragraph, which characterize the contents of the cited materials. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited materials.

58.     Defendants admit that, in an email dated November 8, 2021, FDA asked Florida for additional clarifications and supplements to its SIP proposal. Defendants also admit that FDA received a letter, dated November 11, 2021, from Simone Marstiller, Secretary of AHCA, and Julie Brown, then-Secretary of the

Florida Department of Business and Professional Regulation, which included, as an attachment, a revision to Florida's SIP proposal. No response is required to the remainder of the allegations in this paragraph, which characterize the contents of the cited materials. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited materials.

59.    Defendants deny the allegations.

60.    Defendants deny the allegations in the first sentence for lack of knowledge or information sufficient to form a belief as to their truth. Defendants admit that HHS received a letter, dated February 10, 2022, from Simone Marstiller, Secretary of AHCA. No response is required to the remainder of the allegations in this paragraph, which characterize the contents of the cited letter. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited letter.

61.    Defendants admit that FDA received a letter, dated March 10, 2022, from Simone Marstiller, Secretary of AHCA. No response is required to the remainder of the allegations in this paragraph, which characterize the contents of the cited letter. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited letter.

62.    Defendants admit that, on March 15, 2022, FDA sent a letter addressed to Simone Marstiller, Secretary of AHCA. No response is required to

the remainder of the allegations in this paragraph, which characterize the contents of the cited letter. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited letter.

63. Defendants admit that, on March 15, 2022, FDA sent a letter addressed to Simone Marstiller, Secretary of AHCA. No response is required to the other allegations in the first sentence, which characterize the contents of the cited letter. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited letter. In the second sentence, Defendants admit that FDA held a call on March 31, 2022, with representatives from several states, including Florida; otherwise, Defendants deny Plaintiffs' characterization of the March 31, 2022 call.

64. Defendants admit that, on March 31, 2022, FDA sent a letter addressed to Simone Marstiller, Secretary of AHCA. No response is required to the remainder of the allegations in this paragraph, which characterize the contents of the cited letter. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited letter.

65. Defendants deny the allegations in the first sentence for lack of knowledge or information sufficient to form a belief as to their truth. In the second sentence, Defendants admit that, on April 4, 2022, Florida officials sent an e-mail to FDA; otherwise, no response is required to the remainder of the allegations in

this sentence, which characterize the contents of the cited e-mail. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited e-mail. Defendants deny the allegations in the third sentence.

66.    Defendants admit that, on April 13, 2022, Florida officials sent an e-mail to FDA, to which an FDA official responded. No response is required to the remainder of the allegations in this paragraph, which characterize the contents of the cited e-mails. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited e-mails.

67.    Defendants admit that, on April 14, 2022, Florida officials sent an e-mail to FDA, to which an FDA official responded. No response is required to the remainder of the allegations in this paragraph, which characterize the contents of the cited e-mails. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited e-mails.

68.    No response is required to the Plaintiffs' allegations in this paragraph, which characterize the contents of the exhibit. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited exhibit.

69.    Defendants admit that, on May 9, 2022, an FDA official sent an e-mail to Florida officials. No response is required to the remainder of the allegations in this paragraph, which characterize the contents of the cited e-mails. To the extent

a response is required, Defendants deny any allegation inconsistent with the contents of the cited e-mails.

70.     Defendants admit that, on May 19, 2022, a call was held between FDA and Florida officials. Defendants deny the remaining allegations.

71.     Defendants admit that, on June 14, 2022, Florida officials e-mailed FDA, and that FDA responded to this e-mail. Defendants admit that FDA has not provided a timeline for resolving Florida's SIP proposal. No response is required to the remainder of the allegations in this paragraph, which characterize the contents of the cited e-mails. To the extent a response is required, Defendants deny any allegation inconsistent with the cited e-mails.

72.     Defendants deny the allegations.

73.     Defendants deny the allegations that FDA has been inactive with respect to, or "sitting on," Florida's SIP proposal, and that FDA is denying access to prescription drugs. Defendants deny the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

74.     Defendants deny the allegation that FDA has delayed action on Florida's SIP proposal. Defendants deny the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

75. Defendants admit that, in September 2021, HHS published a report titled *Comprehensive Plan for Addressing High Drug Prices*. No response is required to the remainder of the allegations in this paragraph, which characterize the contents of the cited report. To the extent a response is required, Defendants deny any allegation inconsistent with the cited report.

76. Defendants deny the allegation in the first sentence of this paragraph. Defendants also deny the allegations in the last sentence of this paragraph that FDA is "dragging its feet and protecting big pharmaceutical companies." No response is required to the allegations in the second and third sentences, which characterize the contents of President Biden's cited remark. To the extent a response is required, Defendants deny any allegation inconsistent with the cited remark.

77. No response is required to the allegations in the first sentence of this paragraph, which characterize the contents of Florida's SIP proposal. To the extent a response is required, Defendants deny any allegation inconsistent with the cited proposal. Defendants deny the allegations that FDA has "dragged its feet," "decline[d] to act," or "delay[ed]." Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

78. Defendants deny the allegations that FDA "remains idle" and is "foot-dragging." Defendants deny the allegations in the fourth sentence. Defendants

deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

79.     Defendants deny the allegations that FDA has delayed action on Florida's SIP proposal. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

80.     Defendants deny the allegations that FDA has delayed action on Florida's SIP proposal. Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

81.     Defendants admit that AHCA submitted a FOIA request and fee waiver to FDA by letter dated July 6, 2022. Defendants respectfully refer the Court to that request for a full and accurate statement of its contents and deny any allegations inconsistent therewith. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AHCA's motivation for its submission of its FOIA request to FDA.

82.     Defendants admit the allegations.

83.     Defendants admit that AHCA included a request for expedited processing of its FOIA request in its letter dated July 6, 2022.  Defendants also admit that, by letter dated July 20, 2022, FDA denied AHCA's request for expedited processing.  Defendants respectfully refer the Court to those letters for

a full and accurate statement of their contents and deny any allegations inconsistent therewith.

84.     Defendants deny that FDA has not responded to AHCA's FOIA request. Defendants admit that FDA has not released records responsive to AHCA's FOIA request.  Defendants aver that FDA has responded to the FOIA request by letters dated July 7, 2022 and July 20, 2022.

85.     Defendants admit the allegations.

## COUNT ONE

86.     Defendants repeat and incorporate their above answers to paragraphs 1–85 of the Amended Complaint.

87.     No response is required because this paragraph consists of legal conclusions, not allegations of fact. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited APA provisions.

88.     No response is required because this paragraph consists of legal conclusions, not allegations of fact. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited statute and regulation.

89.     No response is required to the first sentence because it consists of a legal conclusion, not an allegation of fact. To the extent a response is required,

19

Defendants deny any allegation inconsistent with the referenced case law. Defendants deny the second sentence.

90.     Defendants admit only that FDA received Florida's initial SIP proposal in November 2020, that FDA has received several revisions to Florida's SIP proposal since then, and that Florida's SIP proposal remains pending with FDA. Defendants deny all other allegations in this paragraph.

91.     Defendants deny the allegation in the first sentence that FDA has unreasonably delayed action on Florida's SIP proposal. No response is required to the remainder of the allegations in this paragraph, which characterize the referenced FDA regulatory documents and statute. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the referenced FDA regulatory documents and statute.

92.     Defendants admit that, before a SIP proposal may be authorized, a SIP Sponsor must, among other things, identify a foreign seller and importer, and explain the legal relationship, if any, of each of these entities to the SIP Sponsor. *See* 21 C.F.R. § 251.3(e)(1). Defendants note that, under 21 C.F.R. § 251.4, FDA may use a phased review process to review a SIP proposal that does not identify a foreign seller in an initial submission provided that, among other things, a foreign seller is identified within six months of the initial submission

Case 8:22-cv-01981-TPB-JSS   Document 26   Filed 11/07/22   Page 21 of 27 PageID 838

date of the SIP proposal. Defendants otherwise deny the allegations in this paragraph.

93.     Defendants admit that, unless an extension is granted, authorization for a SIP automatically terminates after two years, or a shorter period of time if specified in the authorization for the SIP. 21 C.F.R. § 251.6(a). Defendants also admit that, to date, FDA has not authorized Florida's SIP proposal. Defendants otherwise deny the allegations in this paragraph.

94.     Defendants deny the allegation in the last sentence that FDA has delayed action on Florida's SIP proposal. Defendants deny the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

95.     Defendants admit that FDA has not provided a timeline for resolution of Florida's SIP proposal. Defendants deny that FDA's actions regarding Florida's SIP proposal are inconsistent with Executive Order 14036. Defendants also deny the allegation that FDA has delayed action on Florida's SIP proposal. No response is required to Plaintiffs' characterization of the cited filing in litigation pending in the United States District Court for the District of Columbia. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited filing. No response is required to Plaintiffs' characterization of Commissioner Califf's quoted statement. To the

extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited quotation.

96. Defendants deny the allegations in the third sentence. No response is required to Plaintiffs' characterization of the cited HHS report in the last sentence. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of the cited report. Defendants deny the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

97. Defendants admit the first sentence. Defendants deny the allegations in the second sentence for lack of knowledge or information sufficient to form a belief as to their truth. No response is required to Plaintiffs' characterization of Executive Order 14036 in the last sentence. To the extent a response is required, Defendants deny any allegation inconsistent with the contents of Executive Order 14036.

98. Defendants deny the allegation in the second sentence that FDA has failed to act. Defendants deny the remaining allegations in this paragraph for lack of knowledge or information sufficient to form a belief as to their truth.

99. Defendants deny the allegations.

100. Defendants admit that the Pharmaceutical Research and Manufacturers of America ("PhRMA"), Partnership for Safe Medicines ("PSM"),

and the Council for Affordable Health Coverage ("CAHC") have challenged the cited final rule in the United States District Court for the District of Columbia. Defendants also admit that PhRMA, PSM, and CAHC submitted a citizen petition, requesting that FDA refrain from authorizing Florida's SIP proposal, and that PhRMA, PSM, and Pfizer submitted comments as part of the rulemaking for the cited final rule.

101.    Defendants deny the allegations that they are protecting the interests of pharmaceutical companies and delaying a ruling on Florida's SIP proposal.

102.    Defendants admit the allegation in the first sentence that there is no express statutory deadline for authorizing SIP proposals. Defendants deny the allegations in the last sentence. The remaining allegations in this paragraph are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny these allegations.

103.    Defendants deny the allegations.

## COUNT TWO

104.    Defendants repeat and incorporate their above answers to paragraphs 1–85 of the Amended Complaint.

105.    Defendants deny the allegations.

106.    Defendants admit the allegations.

107.    These allegations consist of legal conclusions to which no response is required.

108.    Defendants admit that FDA has not made a final determination regarding the release or withholding of records responsive to the FOIA request submitted by AHCA. Defendants also admit that more than 30 working days have passed since FDA received AHCA's FOIA request. The remaining allegations consist of legal conclusions to which no response is required.

109.    These allegations consist of legal conclusions to which no response is required.

110.    These allegations consist of legal conclusions to which no response is required.

## COUNT THREE

111.    Defendants repeat and incorporate their above answers to paragraphs 1–85 of the Amended Complaint.

112.    These allegations consist of legal conclusions to which no response is required.

113.    Defendants admit that FDA has not released records responsive to AHCA's FOIA request. Defendants also admit that FDA has not made a final determination regarding whether or not responsive records are exempt from disclosure under the FOIA.

24

114.    These allegations consist of legal conclusions to which no response is required.

## COUNT FOUR

115.    Defendants repeat and incorporate their above answers to paragraphs 1–85 of the Amended Complaint.

116.    Defendants deny the allegations.

## PRAYER FOR RELIEF

The unnumbered paragraphs under the heading "Prayer for Relief" in the amended complaint set forth Plaintiffs' ultimate conclusions of law and prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested, or any relief whatsoever.

Each and every allegation of the amended complaint not heretofore expressly admitted or denied is hereby denied.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiffs' Amended Complaint should be dismissed, in part, for failure to state a claim on which relief may be granted.

## **Second Defense**

Plaintiffs are not entitled to compel the production of records exempt from disclosure by one or more of the exemptions to the FOIA, 5 U.S.C. § 552.

November 7, 2022

OF COUNSEL:

SAMUEL R. BAGENSTOS
General Counsel
U.S. Department of Health and
Human Services

MARK RAZA
Chief Counsel

WENDY VICENTE
Deputy Chief Counsel, Litigation

SARAH ROSENBERG
Assistant Chief Counsel

WILLIAM THANHAUSER
Associate Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Ave.
White Oak 31
Silver Spring, MD  20993-0002

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

MARCIA BERMAN
Assistant Director
Federal Programs Branch

*/s/ Olivia Hussey Scott*
OLIVIA HUSSEY SCOTT
Senior Counsel
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., Room 11115
Washington, D.C. 20005
Telephone: (202) 616-8491
Fax: (202) 616-8470
Email:  Olivia.Hussey.Scott@usdoj.gov

HILARY K. PERKINS
Assistant Director
Consumer Protection Branch

*/s/ James W. Harlow*
JAMES W. HARLOW
Senior Trial Attorney
Consumer Protection Branch

*/s/ Kimberly R. Stephens*
KIMBERLY R. STEPHENS
Trial Attorney
Consumer Protection Branch

Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, DC  20044-0386
(202) 514-6786 (Harlow)
(202) 305-0033 (Stephens)
James.W.Harlow@usdoj.gov
Kimberly.R.Stephens@usdoj.gov