# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

|  |  |
|---|---|
| State of Florida, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 8:22-cv-01981-TPB-JSS |
| Food and Drug Administration, *et al.*, | |
| Defendants. | |

## Defendants' Motion for a Protective Order

The scope of civil discovery is cabined by, among other things, the parties' actual claims and defenses, applicable privileges, and burden or expense. The sole focus of this motion for a protective order is Count One of the Amended Complaint, in which the State of Florida and the Florida Agency for Health Care Administration (collectively, "Florida" or "the State") allege a claim under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), against the Food and Drug Administration ("FDA"), the Department of Health and Human Services ("HHS"), and their respective heads (collectively, "FDA and HHS" or "Defendants"). The claim presents a narrow issue: whether FDA has unreasonably delayed agency action on a Section 804 Importation Program ("SIP") proposal submitted by Florida.

Before even the deadline to answer the Amended Complaint had passed, Florida sent written discovery requests to FDA and HHS, which the State insists must be answered. However, under the APA's standard of review, Florida's unreasonable delay claim should be resolved on the administrative record produced by FDA, *not* a factual record developed through civil discovery. At a minimum, Florida must wait for Defendants to provide the record and seek authorization from the Court before attempting to engage in extra-record discovery. Accordingly, Defendants request that the Court issue a protective order, under Federal Rule of Civil Procedure 26(c), prohibiting Florida from moving to compel compliance with previously served discovery requests or serving any additional requests unless such discovery has been expressly authorized by the Court.

## BACKGROUND

In September 2020, the Secretary of HHS issued a certification to Congress to bring into effect a statutory pathway, 21 U.S.C. § 384, under which certain drugs could be imported from Canada. In October 2020, FDA and HHS issued a final rule, which established a framework for states and other government entities to propose specific programs—known as SIPs—to import eligible prescription drugs from Canada. 85 Fed. Reg. 62,094 (Oct. 1, 2020). Proposals must contain a host of substantive information—from regulatory compliance and potential

2

recall plans to explanations of how importing the proposed drugs would result in significant cost savings to American consumers—and must be submitted to FDA for review. *See* 21 C.F.R. § 251.3. FDA may only authorize a SIP proposal that satisfies all applicable regulatory requirements. *See id.* § 251.4.

In November 2020, Florida submitted its original, 113-page SIP proposal. Am. Compl., ECF No. 7, at ¶ 48; Am. Compl., Ex. 3, ECF No. 7-3. The State then submitted three substantive revisions to its proposal in April, September, and November 2021. *See* Am. Compl., Exs. 4, 7, 10, ECF Nos. 7-4, 7-7, 7-10. The September and November revisions were specifically prompted by FDA requests for additional information. Am. Compl. ¶¶ 57–58. FDA also notified Florida in May and June 2022 that the agency anticipated requesting additional information. *See* Am. Compl., Ex. 18, ECF No. 7-18 (discussing request for information ("RFI") and "a number of complicated issues" that the agency was addressing).

On August 31, 2022, Florida filed the Amended Complaint and alleged, in Count One, that FDA had violated the APA by unreasonably delaying a determination regarding Florida's SIP proposal.[1] *See* Am. Compl. ¶¶ 86–103.

---

[1] The Amended Complaint also alleges two claims under the Freedom of Information Act. The parties agree these claims should receive special handling, *see* Case Mgmt. Report, ECF No. 27, at 11; these claims are not the subject of Florida's discovery requests or this motion for a protective order.

Before Defendants' answer deadline, *see* Order, ECF No. 18, the parties conferred on October 19, 2022, to discuss the case, *see* Case Mgmt. Report, ECF No. 27, at 1. On October 27, 2022, Florida served interrogatories, requests for production, and requests for admissions on Defendants, by mail, related to the APA claim. *See* Case Mgmt. Report 1–2; *see also* Ex. 1, Fla.'s Interrog.; Ex. 2, Fla.'s Req. for Produc.; Ex. 3, Fla.'s Req. for Admis.

On November 7, 2022, Defendants answered the Amended Complaint. Answer, ECF No. 26. On November 16, FDA sent Florida a 15-page letter in which the agency explained that "numerous subject matter experts at FDA and other components of HHS ha[d] carefully and thoroughly reviewed [Florida's] revised SIP Proposal," and "identifie[d] additional information that will help FDA complete [its] evaluation of [Florida's] SIP Proposal." Case Mgmt. Report, Ex. A, ECF No. 27-1. Among other deficiencies, FDA explained that Florida's proposal "lacks information . . . related to the specific testing that will be done to establish" that the drug to be imported is identical to the FDA-approved counterpart, lacks "specific written compliance policies, procedures, and protocols," lacks "a written policy regarding handling trade secrets or commercial or financial information that is privileged or confidential," and lacks "the details necessary" for FDA and HHS to conduct a "cost savings evaluation," and that all such information is required by regulation. *Id.* 3–5.

4

The next day, the parties filed the Case Management Report, which described their dispute about Florida's attempt to take discovery on the APA claim. *See* Case Mgmt. Report 1–5. Although FDA and HHS proposed a joint stipulation, under Federal Rule of Civil Procedure 29(b), that any discovery deadlines be stayed until the forthcoming case management conference, Florida refused. Accordingly, Defendants now move for a protective order, under Federal Rule of Civil Procedure 26(c), from Florida's attempts to take civil discovery on the APA claim in Count One.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he standard for issuance of a protective order is good cause." *U & I Corp. v. Advanced Med. Design, Inc.*, 251 F.R.D. 667, 673 (M.D. Fla. 2008). The good cause inquiry involves a "balancing of interests approach." *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). The movant bears the burden of showing that their basis for protection from the challenged discovery outweighs the proponent's entitlement (if any) to the materials. *See id.*; *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005). Upon that showing, the Court "has broad discretion" to fashion a protective order. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987).

## ARGUMENT

### I.   Florida's APA claim should be decided on the administrative record

Count One alleges that FDA has "unreasonably delayed resolving Florida's SIP Proposal and ha[s] unlawfully withheld a resolution of the SIP Proposal, in violation of" 5 U.S.C. § 706(1). Am. Compl. ¶ 103. During APA review, "the standard discovery tools of civil litigation—including depositions, interrogatories, and . . . wide-ranging document production of materials that may potentially lead to admissible evidence—do not apply." *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312 (S.D.N.Y. 2012); *see also Marllantas, Inc. v. Rodriguez*, 806 F. App'x 864, 867 (11th Cir. 2020) (affirming district court's denial of discovery "on the independently adequate ground that discovery outside the record is normally unavailable in APA cases"). Rather, "[i]n making the . . . determination[]" whether "agency action" has been "unreasonably delayed," "the court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706.

Section 706 makes the "focal point" for review "the administrative record already in existence, not some new record made initially in the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (per curiam)); *see Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) ("*PEACH*"). And

6

"[t]he task of the reviewing court is to apply the appropriate APA standard of review . . . to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light*, 470 U.S. at 743–44 (internal citation omitted); *see Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2573 (2019) ("[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record.").

That is true regardless of "whether a court is reviewing agency action or inaction." *Biodiversity Legal Found. v. Norton*, 180 F. Supp. 2d 7, 10 (D.D.C. 2001). "[N]owhere does the text" of 5 U.S.C. § 706 "even hint at extra-record review occurring as a matter of course when agency action is alleged to be 'unlawfully withheld or unreasonably delayed.'" *Dallas Safari Club v. Bernhardt*, 518 F. Supp. 3d 535, 539 (D.D.C. 2021). Accordingly, numerous courts have found that the record review principle applies in unreasonable delay claims brought under the APA. *See, e.g.*, *Chayapathy v. Renaud*, No. 3:21-CV-458-K-BN, 2021 WL 1561407, at *1–2 (N.D. Tex. Apr. 21, 2021); *Dallas Safari Club*, 518 F. Supp. 3d at 539–40; *Hyatt v. U.S. Pat. & Trademark Off.*, 146 F. Supp. 3d 771, 781–83 (E.D. Va. 2015); *Stout v. U.S. Forest Serv.*, 869 F. Supp. 2d 1271, 1276 (D. Or. 2012); *Biodiversity Legal Found.*, 180 F. Supp. 2d at 10; *Cross Timbers Concerned Citizens v. Saginaw*, 991 F. Supp. 563, 570 (N.D. Tex. 1997).

7

Florida nonetheless argues for immediate civil discovery because there is "no administrative record." Case Mgmt. Report 2.[2] This is incorrect—Defendants are in the process of compiling the record for this case and have proposed to provide it in short order. *See id.* 5, 7. After all, the absence of a final decision signifies only that the record is not yet closed; it does not necessarily mean no record exists. *See Dallas Safari Club*, 518 F. Supp. 3d at 540; *see also Stout*, 869 F. Supp. 2d at 1276 ("[B]ecause plaintiffs allege a failure to act, there is no final decision and no end date for the administrative record."). The administrative record's existence should not surprise Florida. The State does not allege that "the agency quite literally has done nothing." *Dallas Safari Club*, 518 F. Supp. 3d at 540. Indeed, the Amended Complaint describes—and attaches as exhibits—some materials "considered" by FDA to date while evaluating Florida's SIP proposal. *See* Am. Compl. ¶¶ 48–52, 57–70 (citing and discussing exhibits).

Given "the narrowness of" APA review, *Int'l Jr. Coll. of Bus. & Tech., Inc. v. Duncan*, 937 F. Supp. 2d 202, 204 (D.P.R. 2012), "district courts have granted motions for protective orders prohibiting discovery in APA proceedings," *Bark v.*

---

[2] If Florida is correct that this case is not "an action for review on an administrative record" and not exempt from initial disclosures, Fed. R. Civ. P. 26(a)(1)(B)(i), then its discovery requests are premature because no scheduling conference has occurred, Fed. R. Civ. P. 26(d)(1). So the State is trying to have it both ways by claiming that this case does not involve an administrative record, while also maintaining that its discovery requests are properly served even though no scheduling conference has taken place.

*Northrop*, 2 F. Supp. 3d 1147, 1152 (D. Or. 2014) (citing cases). Indeed, Florida's position here is identical to that rejected in *Sierra Club v. U.S. Department of Energy*, 26 F. Supp. 2d 1268 (D. Colo. 1998), *aff'd*, No. CIV.A. 97-B-529, 1998 WL 895927 (D. Colo. Oct. 22, 1998). There, the plaintiff "argue[d] that because it [wa]s challenging the defendants' failure to take action" under 5 U.S.C. § 706(1), "there [wa]s no record to review, and therefore no limitation on discovery." *Id.* at 1271. Based on that view, the plaintiff "propounded general discovery requests asking for the identities of agency personnel and all related documents involved with the decisions made in this matter." *Id.* The court, however, found the "position that 'this is not a record review case'" was "without merit." *Id.* Instead, the court found "that the general rule limiting the evidence to be considered by the reviewing court to the administrative record applies." *Id.* at 1272. It then entered a protective order relieving the defendant agency from responding to the discovery requests. *Id.*

This Court should follow the reasoning of *Sierra Club*. Florida's requests for the identity of "all individuals who are involved in reviewing or have reviewed Florida's SIP Proposal" and all "[r]ecords reflecting or referencing Florida's SIP Proposal or desire to import prescription drugs" are indistinguishable from those considered in *Sierra Club*. Ex. 1, Fla.'s Interrog. No. 1; Ex. 2, Fla.'s Req. for Produc. No. 4. And the State similarly propounded discovery without "demonstrat[ing]

that the administrative record is insufficient for the court to make a determination on" Count One. *Sierra Club*, 26 F. Supp. 2d at 1271. Accordingly, this Court should issue a protective order, relieving Defendants of any obligation to respond to Florida's pending or forthcoming discovery requests related to its APA claim. *See Bark*, 2 F. Supp. 3d at 1152; *Sierra Club*, 26 F. Supp. 2d at 1272.

## II.  Additional principles of APA review also preclude Florida's discovery requests

In addition to Florida's discovery conduct falling outside the framework of 5 U.S.C. § 706, it also transgresses several other principles of APA review. *First*, a district court errs by prematurely authorizing "extra-record discovery" before reviewing the administrative record. *Dep't of Commerce*, 139 S. Ct. at 2574. "[A]ny such extra-record discovery should only be ordered *after* the government produces the administrative record." *Chayapathy*, 2021 WL 1561407, at *2 (emphasis in original) (quoting *Ramos v. Wolf*, 975 F.3d 872, 901 (9th Cir. 2020) (R. Nelson, J., concurring)). After all, the record may well provide a sufficient basis to rule on the merits of the claim. *See PEACH*, 87 F.3d at 1246–47 (approving district court's decision "granting a protective order prohibiting any discovery" and "limiting its review to the administrative record" because "[t]he record itself adequately explains the agency's decision").

10

Here, Florida propounded its discovery requests before FDA's deadlines to respond to the Amended Complaint and produce the administrative record. For that reason alone, a protective order is warranted. *See, e.g.*, *Chayapathy*, 2021 WL 1561407, at *3 (entering protective order "prohibiting discovery until [agency] files the administrative record or until further order of the Court"); *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 915 F. Supp. 378, 383–84 (N.D. Ga. 1995) (agreeing that "a determination that extraneous material need be examined is premature prior to a comprehensive review of the administrative record by this court"); *cf. Rb Jai Alai, LLC v. Sec'y of the Fla. Dep't of Transp.*, No. 613CV1167ORL36GJK, 2013 WL 12156047, at *1–2 (M.D. Fla. Dec. 23, 2013) (denying motion to compel discovery because "the administrative record has not been filed with the Court" and "Plaintiff has not demonstrated that any of the exceptions to the general rule prohibiting discovery in actions instituted under the APA exist in this case"). Furthermore, the State's initial predictions about the inadequacy of the record may prove unfounded. *Compare* Ex. 1, Fla.'s Interrog. No. 4 (Florida's interrogatory asking "[w]hat reasons, if any, prevent defendants from adjudicating Florida's SIP Proposal?"), *with* Case Mgmt. Report, Ex. A, ECF No. 27-1, at 1 (FDA's 15-page letter "which identifies additional information that will help FDA complete our evaluation of your SIP Proposal.").

*Second*, even in the "rare circumstances" where an exception to record review might apply, *Fla. Power & Light*, 470 U.S. at 744, the plaintiff cannot simply propound civil discovery. They first "must file a motion seeking authorization to conduct discovery." *Wall v. Centers for Disease Control & Prevention*, No. 6:21-CV-975-PGB-DCI, 2021 WL 4948142, at *2 (M.D. Fla. Oct. 7, 2021). To prevail on that motion, the plaintiff "must meet a heavy burden" of demonstrating one of the few circumstances in which the "Eleventh Circuit permits a reviewing court to 'go beyond' the administrative record." *SOSS2, Inc. v. U.S. Army Corps of Eng'rs*, 403 F. Supp. 3d 1233, 1237, 1239 (M.D. Fla. 2019).

In the past, the Eleventh Circuit has permitted extra-record discovery only when "(1) an agency's failure to explain its actions effectively frustrates judicial review; (2) it appears the agency relied on materials or information not included in the administrative record; (3) technical terms or complex subjects need to be explained; or (4) there is a strong showing of agency bad faith or improper behavior." *Id.* (quoting *PEACH*, 87 F.3d at 1247 n.1). However, the number of circumstances for extra-record discovery may be down to one following the Supreme Court's decision in *Department of Commerce*. The Eleventh Circuit recently stated that a "district court may order discovery beyond the administrative record only where there is 'a strong showing of bad faith or improper behavior' by the agency." *Marllantas*, 806 F. App'x at 867 (quoting *Dep't*

*of Commerce*, 139 S. Ct. at 2573–74); *see also United States v. Amtreco, Inc.*, 806 F. Supp. 1004, 1006 (M.D. Ga. 1992) (recognizing that exceptions to record review are "narrowly construed").

Florida's decision to skirt the requirement of court authorization for extra-record discovery justifies a protective order. *See Wall*, 2021 WL 4948142, at *2 (issuing protective order "from a series of written discovery requests that Plaintiff served upon" a federal agency without previously moving for authorization). Florida's conclusory statements in the case management report about a potentially inadequate record or agency bad faith are not a substitute for the requisite motion and evidentiary burden. *See Florida v. United States*, No. 3:21CV1066-TKW-EMT, 2022 WL 2431442, at *2 (N.D. Fla. June 6, 2022) (concluding that the "possibility that the administrative record will not provide an adequate justification for" the challenged agency conduct "is not a sufficient reason to authorize Florida to supplement the record"); *Bark*, 2 F. Supp. 3d at 1153 (finding that "conclusory allegation" of "bad faith" was insufficient to justify extra-record discovery and prohibiting plaintiffs from "pursu[ing] their discovery requests"); *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 12–13 (D.R.I. 2004) (rejecting "request for discovery to ensure that there is no other relevant document, regulation, memorandum, or internal policy or procedure" as "inappropriate and irrelevant" and "aimed at matters outside

of the administrative record"). Thus, Florida should be prohibited from propounding any discovery unless expressly authorized by order of the Court.

*Finally*, Florida's propounded discovery transgresses "the general rule against inquiring into the mental processes of administrative decisionmakers," *Dep't of Commerce*, 139 S. Ct. at 2573 (quotation omitted), and the bounds of relevance, *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978) (observing that "it is proper to deny discovery of matter that is" not "relevant to issues in the case"). Again, Count One presents the narrow issue of whether FDA has unreasonably delayed resolving Florida's SIP proposal. Yet Florida seeks, for example, all records held by FDA and HHS:

- "reflecting or referencing Florida's SIP Proposal or desire to import prescription drugs;" and

- "records reflecting or referencing [FDA's and HHS'] steps to comply with 21 C.F.R. 251.4(c) for Florida's SIP Proposal," *i.e.* whether additional information is needed to evaluate the proposal.

Ex. 2, Fla.'s Req. for Produc. Nos. 3-4.

The State also demands that FDA and HHS "identify and describe," among other things:

- "all individuals who are involved in reviewing or have reviewed Florida's SIP Proposal;"

14

- "all steps defendants have taken to implement Executive Order 14036's directive that defendants work with states to develop Section 804 prescription drug importation programs;" and

- "all drugs and drug products diverted into the U.S. market" to alleviate or mitigate a drug shortage under a different FDA policy "since January 1, 2017, and . . . the country from which each of those drugs or drug products was diverted."

Ex. 1, Fla.'s Interrog. Nos. 1, 11, 14.

Florida's discovery requests, on their face, are intended to explore the mindset and inner workings of agency officials—from potentially the Secretary of HHS and the Commissioner of Food and Drugs on down to line staffers. Because all parties agree that the underlying agency proceeding remains pending, Florida largely seeks predecisional and deliberative materials. Yet, "predecisional documents are 'immaterial'" and "they are not 'discoverable.'" *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (quoting Fed. R. Civ. P. 26(b)(1)); *see Sierra Club v. U.S. Fish & Wildlife Serv.*, No. 2:20-CV-13-SPC-NPM, 2021 WL 4478329, at *5 (M.D. Fla. Sept. 30, 2021), *objections overruled*, No. 2:20-CV-13-SPC-NPM, 2021 WL 5634131 (M.D. Fla. Dec. 1, 2021) (ruling that "*Ross* and the district courts that have followed it have the better view because it keeps faith with both the proper scope of APA review and the purpose for which the

15

deliberative-process privilege has been enforced" and that "deliberative-process documents are immaterial, undiscoverable, and should not be described in a privilege log"). Thus, Florida hopes to do exactly what a "general rule" of administrative law forbids. *Dep't of Commerce*, 139 S. Ct. at 2573.[3]

At bottom, Florida's "extra-record discovery . . . burdens a coordinate branch" of the Federal Government. *In re Dep't of Commerce*, 139 S. Ct. 16, 18 (2018) (Gorsuch, J., concurring in part). The State "would suffer no hardship" from adhering to the established process for seeking permission to engage in extra-record discovery, particularly when it "very likely ha[s] no right at all" to the information. *Id.* Accordingly, the Court should issue a protective order.

### III.  Any discovery obligations should be stayed pending resolution of this motion

Florida may contend that the deadline to respond to its discovery requests is November 29, 2022. Out of an abundance of caution, Defendants request that the Court temporarily stay any discovery pending resolution of this motion. By first resolving this motion, the Court could "manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources." *Rivas v. The*

---

[3] Additionally, many of Florida's requests—such as those about drug shortages for the past several years and FDA's and HHS' broader implementation of an unchallenged executive order—lie well beyond the four corners of Florida's SIP proposal. *See Rolex Watch U.S.A., Inc. v. Capetown Diamond Corp.*, No. 1:03-CV-3001-CC, 2009 WL 10669248, at *5 (N.D. Ga. Mar. 30, 2009) (issuing protective order against discovery that "is not relevant to any claims or defenses in this litigation").

*Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017) (quotation omitted).

## CONCLUSION

For the foregoing reasons, Defendants' need for a protective order from Florida's unauthorized and unwarranted discovery heavily outweighs any countervailing interest. Defendants request that the Court issue a protective order, under Federal Rule of Civil Procedure 26(c), prohibiting Florida from serving, or moving to compel compliance with, any discovery request, unless such discovery has been expressly authorized by the Court.

November 29, 2022

OF COUNSEL:

SAMUEL R. BAGENSTOS
General Counsel
U.S. Department of Health and
Human Services

MARK RAZA
Chief Counsel

WENDY VICENTE
Deputy Chief Counsel, Litigation

SARAH ROSENBERG
Assistant Chief Counsel

WILLIAM THANHAUSER
Associate Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

MARCIA BERMAN
Assistant Director
Federal Programs Branch

*/s/  Olivia Hussey Scott*
OLIVIA HUSSEY SCOTT
Senior Counsel
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., Room 11115
Washington, D.C. 20005
Telephone: (202) 616-8491
Fax: (202) 616-8470
Email:  Olivia.Hussey.Scott@usdoj.gov

17

10903 New Hampshire Ave.  
White Oak 31  
Silver Spring, MD  20993-0002

HILARY K. PERKINS  
Assistant Director  
Consumer Protection Branch

/s/ James W. Harlow  
JAMES W. HARLOW  
Senior Trial Attorney  
Consumer Protection Branch

/s/ Kimberly R. Stephens  
KIMBERLY R. STEPHENS  
Trial Attorney  
Consumer Protection Branch  
Civil Division  
U.S. Department of Justice  
P.O. Box 386  
Washington, DC  20044-0386  
(202) 514-6786 (Harlow)  
(202) 305-0033 (Stephens)  
James.W.Harlow@usdoj.gov  
Kimberly.R.Stephens@usdoj.gov

**Local Rule 3.01(g) Certification**

I certify that, on November 15 and 22, 2022, I conferred with Plaintiffs'

counsel by email to discuss this motion. Plaintiffs oppose this motion.

November 29, 2022                              _/s/ James W. Harlow_
                                               JAMES W. HARLOW
                                               Senior Trial Attorney
                                               Consumer Protection Branch