**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Case No. 8:22-cv-1981-TPB-JSS**

STATE OF FLORIDA, et al.,

*Plaintiffs*,

v.

FOOD AND DRUG ADMINISTRATION,
et al.,
*Defendants*.

## PLAINTIFFS' RULE 56(D) MOTION TO DEFER CONSIDERATION OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

On January 17, Defendants filed a motion for partial summary judgment in this case even though (1) nearly two months remain in the already-shortened 2.5-month discovery period, (2) this Court has repeatedly made clear that at least some discovery is authorized in this case, (3) Defendants have stated they will not provide any substantive responses to any of Plaintiffs' discovery requests, and (4) the administrative record Defendants filed in this case is woefully inadequate.

Defendants' decision to nonetheless seek summary judgment at this time is a waste of the parties' and the Court's time and resources. The Court should not reward Defendants' attempt to file a patently inadequate administrative record and then point to that record as a basis for summary judgment, all while

denying Plaintiffs the very discovery that would fill the considerable gaps in the record.

Pursuant to Rule 56(d), this Court should defer Defendants' motion for partial summary judgment until after the April 17 deadline the Court has already set for filing summary judgment motions, and thus after the discovery period ordered by this Court ends on March 15 and after the Court rules on Plaintiffs' pending motion to compel discovery responses ("Motion to Compel"), which Plaintiffs filed soon after Defendants filed their motion for partial summary judgment ("Motion for Partial Summary Judgment"). *See* Motion to Compel, ECF No. 46. Plaintiffs intend to seek summary judgment themselves after discovery closes, as is common in Administrative Procedure Act cases, and the Court should consider those cross-motions at the same time.

Defendants' Motion for Partial Summary Judgment only confirms the necessity of discovery. Defendants repeatedly point to the inadequate and artificially one-sided administrative record as a basis for granting summary judgment to Defendants, while they simultaneously deny Plaintiffs any discovery to fill in the gaps on those same matters. The Court should defer Defendants' Motion for Partial Summary Judgment and grant Plaintiffs' pending Motion to Compel.

## STANDARD

As the Eleventh Circuit and this Court have repeatedly held, "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997); *see Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("A party opposing summary judgment should be given the opportunity to discover information relevant to the summary judgment motion."); *Snook v. Trust Co. of Georgia Bank, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) ("[S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery"); *Breakwater Commons Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-CV-31, 2021 WL 1216535, at *1 (M.D. Fla. Mar. 31, 2021) ("[S]ummary judgment should not be granted until the opposing party has had an adequate opportunity to conduct discovery."). "If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." *Snook*, 859 F.2d at 870.

Accordingly, Rule 56(d) states that where a party shows that "it cannot present facts essential to justify its opposition" to a motion for summary judgment, the Court may "(1) defer considering the motion or deny it; (2) allow

time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

The Eleventh Circuit has held that this rule is "infused with a spirit of liberality." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 844 (11th Cir. 1989).

**ARGUMENT**

Pursuant to Rule 56(d), the Court should (1) defer consideration of Defendants' Motion for Partial Summary Judgment to allow the discovery period to close; and (2) as an "appropriate order," Fed. R. Civ. P. 56(d)(3), grant Plaintiffs' pending Motion to Compel, which explains in detail what discovery requests have been served and why each is needed for the Court's consideration of relevant factors, as articulated in the seminal case *TRAC v. FCC*, 750 F.2d 70 (D.C. Cir. 1984).

The *TRAC* factors provide the framework for whether a federal agency has unreasonably delayed or unlawfully withheld adjudication of Florida's SIP Proposal seeking authorization to import certain prescription drugs from Canada pursuant to federal statute. The *TRAC* factors look to whether Defendants have followed a rule of reason in how they review applications, whether human health and welfare are at issue, the interests prejudiced by delay, and whether impropriety is present. *See id.* at 80. Defendants agree the *TRAC* factors provide the proper framework for analyzing Plaintiffs' agency

inaction/delayed action claim under the Administrative Procedure Act. *See* Motion for Partial Summary Judgment 13–22.

Summary judgment before discovery is especially inappropriate in a case involving the *TRAC* factors "because the *TRAC* factor analysis is necessarily fact-intensive, it is more appropriately applied after some discovery." *Tailawal v. Mayorkas*, No. 2201515, 2022 WL 4493725, at *4 (C.D. Cal. Aug. 18, 2022).

Plaintiffs respectfully direct the Court to their Motion to Compel, which provides the full background of the parties' discovery dispute, this Court's repeated indications that discovery as a general matter is authorized here, and the woeful inadequacy of Defendants' administrative record. *See* Motion to Compel 1–9. The Motion to Compel also contains a detailed listing of the discovery needed for the Court's consideration of the *TRAC* factors. *See id.* at 9–20. Because Plaintiffs intend to file a cross-motion for summary judgment on the *TRAC* factors after the close of discovery, the discovery they need to support their own summary judgment motion is the same discovery they need to oppose Defendants' Motion for Partial Summary Judgment.

Accordingly, the Court can resolve this Rule 56(d) motion simply by reviewing the Motion to Compel, which the Court should also grant. However, for convenience, Plaintiffs provide the following overview of the *TRAC* factors

and the discovery Plaintiffs require to oppose Defendants' Motion for Partial Summary Judgment.[1]

***Rule of Reason.*** *See TRAC*, 750 F.2d at 80. Defendants contend the "rule of reason" factor is "the 'most important' one," Motion for Partial Summary Judgment 14, yet they refuse to provide any discovery responses on the matter. And, as explained in the Motion to Compel, the administrative record in this case contains no new material and is so inadequate and barren that it omits even publicly obtainable documents about the SIP review process. *See* Motion to Compel 5, 8–9. As a result, Plaintiffs are left completely in the dark.

Accordingly, Plaintiffs have sought discovery on what effort or resources Defendants have put into reviewing Florida's SIP Proposal, which will demonstrate whether Defendants have been working diligently. Interrogatories #1–3 are aimed at obtaining such facts, *see* Motion to Compel Ex. A at 6, as is Request for Production #6, which seeks pre-existing documentation of time spent by Defendants' employees reviewing Florida's SIP Proposal, *see* Motion to Compel Ex. E at 5.

[1] Although the Eleventh Circuit has held that Rule 56(d) (previously Rule 56(f)) does not require a declaration or affidavit when a lawyer submits the motion for deferral, *see Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 570 (11th Cir. 1999); *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1146 (5th Cir. 1973); *EmCyte Corp. v. XLMedica, Inc.*, No. 2:19-cv-769, 2022 WL 16743835, at *2 (M.D. Fla. Nov. 7, 2022) (collecting authorities), Plaintiffs nonetheless attach a declaration from counsel, *see* Declaration of R. Trent McCotter (attached as Exhibit 1).

Defendants agree that whether their employees have actually been diligently reviewing Florida's SIP Proposal is important information for this *TRAC* factor. *See* Motion for Partial Summary Judgment 17–18 (claiming expert review "takes time"). That confirms the importance of Plaintiffs obtaining responses to their discovery requests on that issue. Defendants even assert the "administrative record established that FDA 'has not been twiddling its thumbs,'" Motion for Partial Summary Judgment 18, but, as noted, the administrative record here is almost totally barren of information about what Defendants were supposedly doing for the first 700 days Florida's SIP Proposal was pending, when Defendants sent only trivial requests for information. Defendants' strategy is apparently to delay until litigation commences, quickly conjure a lengthy list of supposed defects in a SIP proposal, provide a nearly useless administrative record, and then seek summary judgment on that basis to avoid any scrutiny of prior behavior, and before Plaintiffs have an opportunity to respond to the allegations of defects or even obtain any discovery.

Plaintiffs also require information about Defendants' own timeline for Florida's SIP Proposal, which is directly relevant to a claim about delayed and withheld agency action. Indeed, Defendants' Motion for Partial Summary Judgment specifically refers to the relevance of "a timeframe" for review. Motion for Partial Summary Judgment 15. Plaintiffs' Interrogatories #5–6 and

#20 ask for an official agency position on "[w]hen will defendants adjudicate Florida's SIP Proposal," how that date is calculated, and what materials remain outstanding. Motion to Compel Ex. A at 6; Motion to Compel Ex. D at 7. Similarly, Interrogatories #7–10 and #16–19 ask "what information or materials, if any, do defendants contend remained outstanding and prevented adjudication of Florida's SIP Proposal" after each of Plaintiffs previously submitted amendments to it SIP Proposal and when Defendants reached that conclusion. Motion to Compel Ex. A at 6–7; Motion to Compel Ex. D at 6–7. This information would allow the Court to determine whether Defendants concluded early on that material remained outstanding but delayed asking for it, or instead sat on the SIP Proposal for a lengthy period of time without meaningfully reviewing it before it came before this Court. But Defendants refuse to provide any such information.

Plaintiffs also require information about "steps defendants have taken to implement Executive Order 14036's directive," where President Biden ordered the FDA to work with states on their SIP proposals. Motion to Compel Ex. A at 7. If Defendants are not following the President's orders on this specific program, that is a strong sign of unreasonable agency delay.

Plaintiffs also require discovery on basic FDA positions on the cost-savings aspects of SIP proposals, which Defendants point to as a basis for granting their Motion for Partial Summary Judgment. *See* Motion for Partial

Summary Judgment 17; *see also* Request for Information ("RFI") 5–9, ECF No. 27-1. Requests for Admission #3–4 and 6 ask Defendants to admit basic facts about drug pricing and cost savings. Motion to Compel, Ex. C at 5–6. Because Defendant HHS has already formally certified to Congress that importation of prescription drugs from Canada "will result in a significant reduction in the cost of covered products to the American consumer," ECF No. 7-2 at 2, discovery is needed to determine whether Defendants have unreasonably delayed adjudication of Florida's SIP Proposal on the erroneous basis that Plaintiffs must submit exceedingly sophisticated econometric reports just to demonstrate cost savings—econometrics nowhere mentioned in FDA's regulations, which require only an "explanation" of potential cost savings, which "must include any assumptions and uncertainty, and it must be sufficiently detailed to allow for a meaningful evaluation." 21 C.F.R. § 251.3(e)(9). Defendants appear to be moving the goalposts after the start of litigation to retroactively justify neglecting Florida's SIP Proposal.

Finally, Plaintiffs require basic information about Defendants' review of Florida's SIP Proposal, including "[c]opies of the organization chart for the division of defendants responsible for reviewing Florida's SIP Proposal," and "[r]ecords reflecting or referencing defendants' steps to comply with 21 C.F.R. 251.4(c) for Florida's SIP Proposal." Motion to Compel Ex. B at 5–6; *see also* Motion to Compel Ex. A at 6–7 (Interrogatories #7–9). This information should

have been revealed by the administrative record, but it is so inadequate that it does not provide even this basic information, which would reveal how and who have supposedly been processing Florida's SIP Proposal.

***Standard and Expected Timetables.*** *See TRAC*, 750 F.2d at 80. As noted above, Defendants' Motion for Partial Summary Judgment specifically refers to the relevance of "a timeframe" for review. Motion for Partial Summary Judgment 15. Plaintiffs require discovery on Defendants' positions regarding the expected, standard, or desired timelines for reviewing SIP proposals. Thus, Plaintiffs' Requests for Production #2 and #5 seek "[r]ecords reflecting or referencing defendants' standard, anticipated, expected, or desired timeline for reviewing SIP proposals," and "[r]ecords reflecting or referencing the timeline for review of any other SIP proposal submitted to defendants." Motion to Compel Ex. B at 5–6. These are highly relevant documents to a case about agency delay.

***Human Health and Welfare at Stake.*** *See TRAC*, 750 F.2d at 80. Defendants agree that the relationship between Florida's SIP Proposal and human health is a relevant and important factor for summary judgment. *See* Motion for Partial Summary Judgment 20. Plaintiffs' Requests for Admission #1–2 seek an official FDA position on whether "Florida's SIP Proposal seeks approval for importation of drugs or drug products used to treat HIV/AIDS, diabetes, hepatitis C, and mental health," and whether "the drugs or drug

products for which Florida's SIP Proposal seeks approval have been approved by the FDA." Motion to Compel Ex. C at 5. Request for Admission #5 asks even more directly whether "the drugs or drug products for which Florida's SIP Proposal seeks approval involve human health and welfare." *Id.* at 6.

These seemingly obvious discovery request are necessary because Defendants seek summary judgment on the basis that Plaintiffs' only concern is "cost savings," Motion to Partial Summary Judgment 20, but Defendants ignore that Plaintiffs' cost savings here are directly tied to human health and welfare because Defendants' delay means Plaintiffs are unnecessarily overspending millions of dollars that could be reallocated to expanding other critical healthcare services, *see* Amended Complaint ¶ 14, ECF No. 7. If Defendants provided responses to Plaintiffs' straightforward discovery requests on these matters, it may narrow the Court's scope of review.

Defendants also seek summary judgment on the theory that their own delay has been caused by "concerns about human health and welfare," Motion for Partial Summary Judgment 20, but Defendant HHS has *already* formally certified that importation of prescription drugs from Canada "poses no additional risk to the public's health and safety," ECF No. 7-2 at 2. Given this, it would be unreasonable for Defendants to delay adjudication of Florida's SIP Proposal on the basis that importing and relabeling such drugs is generally unsafe.

Accordingly, Interrogatories #14–15 ask for factual information about recent instances when the FDA has authorized drugs to be imported into the United States due to shortages, *see* Motion to Compel Ex. A at 7–8. This factual material would provide critical insights. If the FDA is authorizing importation of certain drugs to alleviate shortages while simultaneously suggesting Florida's importation would raise safety concerns, it would confirm there are no countervailing safety concerns in delaying review of Florida's SIP Proposal and that any delay on that supposed basis of safety would be unreasonable.

***Interests Prejudiced by Delay.*** *See TRAC*, 750 F.2d at 80. As explained in the Motion to Compel, discovery about human health is also relevant to the *TRAC* factor focusing on the interests prejudiced by delay because Plaintiffs are unnecessarily overspending millions of dollars on prescription drugs, and that money could be spent expanding other critical healthcare services. Motion to Compel 16.

***Impropriety.*** *See TRAC*, 750 F.2d at 80. Defendants seek summary judgment based on their own self-serving assertion that the record contains "nothing to suggest impropriety." Motion for Partial Summary Judgment 22. To make that assertion, Defendants hide behind a record that is patently inadequate and omits material relevant to that inquiry. And, in any event, Defendants are wrong. There is plenty to suggest impropriety here.

Defendants sat on the SIP Proposal with only minimal action for nearly two years—but several months after Plaintiffs filed suit, Defendants sent an RFI, containing a lengthy list of supposed defects in the SIP Proposal, on the eve of the parties filing their proposed case management schedules. *See* ECF No. 27-1. Defendants' insistence (now realized) on seeking summary judgment as soon as possible is also revealing: it indicates Defendants are desperate to avoid judicial scrutiny of the last two years of inaction, so they sent the RFI and then moved for summary judgment before Plaintiffs could even respond, in the hopes that this would give the appearance of Defendants being proactive and avoiding any serious review of the RFI itself.

Even if not bad faith (which is informative but not required under *TRAC*), the eleventh-hour RFI combined with a strategy to avoid any judicial scrutiny of the agency's delay is highly suspicious and needs to be "explored by plaintiffs," *W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 100–01 (D.D.C. 2013), especially given Defendants' attempt to seek summary judgment on the theory that the record supposedly shows no impropriety, *see* Motion for Partial Summary Judgment 22.

Plaintiffs' Interrogatories #21–23 therefore seek basic information like the list of authors of the RFI, "the length in pages of the draft November 2022 RFI as of August 28, 2022" (when the original Complaint was filed in this suit), and "the date and length in pages of the first draft" of the RFI. Motion to

Compel Ex. D at 7; *see also* Motion to Compel Ex. E at 6 (Request for Production #7 seeking prior drafts of the RFI). These simple and objective facts will shed light on whether the Defendants were preparing the RFI (and if so, how far along it was) before the Complaint was filed, or instead whether Defendants conjured the RFI in an attempt to evade judicial scrutiny into Defendants' lengthy delay.

Finally, given the suspicious nature of Defendants' actions, Plaintiffs require discovery into potential financial and political conflicts of those employees who are purportedly reviewing Florida's SIP Proposal, and accordingly Plaintiffs served several easily completed requests in Interrogatory #24 and Request for Production #8. *See* Motion to Compel Ex. D at 7–8; Ex. E at 6.

* * *

Plaintiffs have served discovery requests targeted at factual information and official FDA positions on particular issues that are required to oppose Defendants' Motion for Partial Summary Judgment and will help the Court fairly adjudicate Plaintiffs' claim under the *TRAC* factors.

Plaintiffs' pending Motion to Compel demonstrates the necessity of specific discovery requests, and Defendants' Motion for Partial Summary Judgment confirms that necessity. Defendants repeatedly point to the inadequate and artificially one-sided administrative record as a basis for

granting summary, but Defendants should not be permitted to affirmatively seek summary judgment on that basis while simultaneously denying Plaintiffs any discovery on those same matters, especially given the patent inadequacy of the administrative record here. Moreover, once Plaintiffs actually obtain discovery responses from Defendants, more discovery may prove to be necessary, but that cannot yet be determined when Defendants simply refuse to engage in the discovery process altogether.

## CONCLUSION

The Court should defer Defendants' Motion for Partial Summary Judgment until after the date originally set by the Court for filing such motions (April 17), and thus after discovery has closed (on March 15) and after the Court has ruled on Plaintiffs' pending Motion to Compel. Once discovery is completed, Plaintiffs intend to move for summary judgment themselves, and the Court could then consider the parties' cross-motions for summary judgment at that time, rather than doing so piecemeal and without the benefit of any discovery, as Defendants insist.

Dated: January 19, 2023

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

*/s/ James H. Percival*
James H. Percival* (FBN 1016188)
DEPUTY ATTORNEY GENERAL OF LEGAL POLICY

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Natalie Christmas (FBN 1019180)
ASSISTANT ATTORNEY GENERAL OF LEGAL POLICY

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com
* *Lead Counsel*

*Counsel for the State of Florida*

*/s/ R. Trent McCotter*
C. Boyden Gray (*pro hac vice*)
R. Trent McCotter (*pro hac vice*)*
Jared M. Kelson (*pro hac vice*)
BOYDEN GRAY & ASSOCIATES, PLLC
801 17th St. NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com
* *Lead Counsel*

ANDREW T. SHEERAN
Acting Deputy General Counsel
Chief Litigation Counsel
Florida Bar I.D. No. 0030599
Andrew.Sheeran@ahca.myflorida.com
Agency for Health Care Administration
2727 Mahan Drive, Mail Stop #3
Tallahassee, Florida 32308
(850) 412-3670

*Counsel for Agency for Health Care Administration*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2023, I filed the foregoing via the Court's CM/ECF system, which will serve all counsel.

*/s/ R. Trent McCotter*
R. TRENT MCCOTTER

**LOCAL RULE 3.01(G) CERTIFICATION**

I certify that, on January 17-18, 2023, I conferred with Defendants' counsel via e-mail to discuss this motion. Defendants oppose this motion.

January 19, 2023

*/s/ R. Trent McCotter*
R. TRENT MCCOTTER