IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:22-cv-1981-TPB-JSS

STATE OF FLORIDA, et al.,

*Plaintiffs*,

v.

FOOD AND DRUG ADMINISTRATION,
et al.,
*Defendants.*

---

**PLAINTIFFS' OBJECTIONS TO AND APPEAL OF MAGISTRATE
JUDGE'S ORDER PARTIALLY DENYING
PLAINTIFFS' MOTION TO COMPEL**

---

Plaintiffs respectfully object to and appeal the order of the Magistrate Judge largely denying Plaintiffs' Motion to Compel discovery responses. *See* ECF No. 63 ("Order"). Although the Order correctly observed that this Court has authorized extra-record discovery in this case, *see id.* at 4–5, 7, the Order nonetheless declined to compel the production of *any* extra-record discovery. The Order required only that Defendants provide Administrative Record ("AR") page numbers for certain discovery requests that Defendants claim are already in the AR. *Id.* at 8.

Although Plaintiffs respectfully disagree with the Order's decision to deny all extra-record discovery, they limit this objection to a few key discovery requests where the Order will deprive Plaintiffs and this Court of especially

1

critical information necessary for the Court to resolve Plaintiffs' unreasonable delay and unlawful withholding claim under the Administrative Procedure Act ("APA").

## BACKGROUND

Plaintiffs are the State of Florida and its Agency for Health Care Administration. They sued Defendants—the U.S. Food & Drug Administration and its Commissioner, and the U.S. Department of Health and Human Services and its Secretary—alleging that Defendants have violated the APA by unreasonably delaying and unlawfully withholding adjudication of Plaintiffs' Section 804 Importation Program Proposal ("Florida's SIP Proposal"), which seeks to import prescription drugs from Canada to realize significant cost savings. Section 804 Importation Programs are expressly authorized under federal law and regulations. *See* 21 U.S.C. § 382; 21 C.F.R. part 251.

Florida's SIP Proposal has now been pending over 850 days without adjudication, causing considerable damage to Plaintiffs and the citizens of Florida.

On October 25, 2022, after the parties had conducted a Rule 26 conference, Plaintiffs served targeted discovery requests on Defendants, seeking information that would allow the Court to meaningfully review the *TRAC* factors used to resolve agency delay cases. *See* ECF Nos. 46-1 to 46-3.

The *TRAC* factors consider whether a federal agency has followed a rule of reason in how it reviews applications, whether human health and welfare are at issue, the interests prejudiced by delay, and whether impropriety is present. *See TRAC v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984).

Defendants responded by filing a motion for a protective order asking the Court not only to bar Plaintiffs from moving to compel responses to those discovery requests, but also to preclude Plaintiffs from serving any further discovery requests at any point in this litigation. *See* ECF No. 29. Defendants insisted that the inaction/delayed action claim must be resolved solely on an administrative record.

On December 13, 2022, after an in-person hearing, the Court denied Defendants' motion for a protective order. Endorsed Order, ECF No. 34. The Court ruled that the administrative record was the presumptive starting point, *id.* (citing *Tribe v. Bureau of Land Management*, 2022 WL 1778525, at *2 (E.D. Cal. June 1, 2022)), but "Plaintiffs may be entitled to discovery on their agency inaction claim depending upon the circumstances," *id.* (citing *Tribe*, 2022 WL 1778525, at *3–5). "As such, the Court will not limit Plaintiffs' ability to file discovery requests following the filing of the administrative record, and any issues concerning those specific requests may be addressed through appropriate motion practice." *Id.* The Court "strongly encouraged" the parties "to amicably resolve disputes as to the scope and content of discovery." *Id.*

3

On December 29, 2022, Defendants filed the AR, *see* ECF Nos. 37–42, which contains no new materials, let alone anything that sheds light on Defendants' nearly two years of inaction. The AR consists of documents that Plaintiffs had already filed with the Court, *compare* ECF Nos. 37–42, *with* Am. Compl., ECF Nos. 7-1 to 7-18, except for several lengthy public documents about prescription drug facts, which Plaintiffs submitted to Defendants long ago but omitted from the Amended Complaint due to their sheer length. The AR is so inadequate that it does not even include two publicly available PowerPoints that the FDA has issued to provide guidance on SIP proposals, *see* ECF No. 7-19 at 7–36, nor does it include any materials considered by the FDA in preparation for sending a lengthy post-litigation request for information to Plaintiffs in November 2022 ("November 2022 RFI"), except for Florida's SIP Proposal itself. Ironically, Plaintiffs' own filings in this case present a more complete record than the one provided by Defendants.

On January 4, 2023, the Court issued its Case Management Scheduling Order, which set a discovery deadline of March 15 and a summary judgment deadline of April 17. *See* Case Management Scheduling Order 2, ECF No. 44. The Court rejected Defendants' proposal, which had deleted all references to discovery and had moved up summary judgment to mid-January.

On January 6, 2023, Plaintiffs served a second round of targeted discovery requests on Plaintiffs. *See* ECF Nos. 46-4 to 46-5.

4

Defendants' response was to flatly refuse any discovery requests and to instead file for summary judgment. This Court denied that motion as premature. *See* ECF No. 48.

Because Defendants declined to budge on their view that all discovery is prohibited in this case and instead moved for summary judgment despite this Court ordering a period for discovery, Plaintiffs moved to compel, and the Magistrate Judge heard arguments on February 17. *See* ECF No. 46.

On March 17, the Magistrate Judge issued the Order. The Order correctly concluded that extra-record discovery is available and has already been authorized in this case. Order at 4–5, 7. However, the Order then denied *all* extra-record discovery. *Id.* at 9–13.

*First*, the Order agreed with Defendants that responses to several of the discovery requests were already in the AR, and the Order required Defendants to provide AR page cites for responses to those requests.[1] Order at 8–9. No previously undisclosed agency materials or information were required to be divulged, however.

*Second*, the Order concluded that the responses to certain requests are protected by the deliberative process privilege.[2] *Id.* at 9–10. The Order

---

[1] This included Interrogatories 3, 7–10, 12–13, and 20; Requests for Production 3 and 4; and Requests for Admission 1–2 and 7–9. *See* Order 8.
[2] This included Interrogatories 16–19 and 22–23; and Requests for Production 4 and 7. *See* Order 9.

extended that privilege to Interrogatories 16–19, each of which asked, "When did defendants first conclude that the referenced information or materials [in specific requests for information issued by Defendants in 2021 and 2022], if any, remained outstanding?" ECF No. 46-4 at 6–7. The Order also concluded that Interrogatories 22–23, which asked only for the "date" and "length in pages" of two versions of the critical November 2022 RFI, *see id.* at 7, were protected by deliberative process, even though the responses to such requests would reveal no deliberative statements, Order at 10. The Order reached the same conclusion for Request for Production 7, which asked for "[a]ll drafts" of the November 2022 RFI, ECF No. 46-5 at 6. The Order did not rule on Plaintiffs' repeated request that Defendants be ordered to prepare a privilege log of all withheld materials purportedly protected by deliberative process privilege. *See* ECF No. 46 at 21; ECF No. 52 at 3 n.1.

*Third*, the Order concluded that several discovery requests were not proportional to the needs of the case. Order 10–11.[3] This included Request for Production 6, which asked for "time sheets" and "other similar timekeeping records" for those employees who had allegedly been working on Florida's SIP Proposal. ECF No. 46-5 at 5.

*Fourth*, the Order concluded that several discovery requests sought

---

[3] This included Interrogatory 11; Requests for Production 6 and 8–9; and Request for Admission 10. *See* Order 10–11.

6

information not relevant to the *TRAC* factors. Order 12–13.[4] Most notably, this included Requests for Production 2 and 5, which asked for records reflecting or referencing "defendants' standard, anticipated, expected, or desired timeline for reviewing SIP proposals" and "timeline for review of any other SIP proposal submitted to defendants." ECF No. 46-2 at 5–6.

Plaintiffs timely file this objection to and appeal of certain determinations made in the Order.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. Orlando*, No. 6:06-cv-1671, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007).

When a party timely objects under Rule 72, this Court must vacate any portion of a Magistrate Judge's non-dispositive order that is clearly erroneous or contrary to law. *See SEC v. Kramer*, 778 F. Supp. 2d 1320, 1326–27 (M.D.

---

[4] This included Interrogatories 1–2, 5–6, 14–15, 21, and 24; Requests for Production 1, 2, 5, and 6; and Requests for Admission 3–6. *See* Order 12–13.

7

Fla. 2011). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Id.* (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)).

Where a Magistrate Judge's order does not address an issue, this Court reviews it *de novo*. *Tolbert v. Florida*, No. 17-cv-62407, 2021 WL 4805131, at *10 (S.D. Fla. Oct. 14, 2021) ("[B]ecause the Magistrate Judge's Report does not address the claim raised in the Petition, the Court will review this claim *de novo*."); *United States v. Battle*, No. 04-cr-20159, 2006 WL 8434771, at *5 n.6 (S.D. Fla. Jan. 4, 2006) (same).

## ARGUMENT

"[B]ecause the *TRAC* factor analysis is necessarily fact-intensive, it is more appropriately applied after some discovery," *Tailawal v. Mayorkas*, 2022 WL 4493725, at *4 (C.D. Cal. Aug. 18, 2022), and Plaintiffs promulgated discovery requests tied to specific *TRAC* factors, *see, e.g., Espino v. USCIS*, No. 5:21-cv-21, 2021 WL 6775011, at *5 (D. Vt. Aug. 18, 2021) (analyzing each *TRAC* factor in the context of the particular case and concluding that plaintiffs had "demonstrate[d] the need for a period of discovery to give substance to the

court's consideration of the *TRAC* factors").

Discovery is especially necessary here because the AR is woefully inadequate and sheds almost no light on why Defendants sat on Plaintiffs' SIP Proposal for nearly two years, what Defendants' expected timeline is for review (either for Florida's SIP Proposal or for SIP proposals generally), or why Defendants sent Plaintiffs the lengthy November 2022 RFI only months *after* litigation began in this case. Further, Defendants have asserted deliberative process privilege for every document they have considered while reviewing Florida's SIP Proposal (except for the Proposal itself) and have excluded all such materials from the AR. *See* Part V, *infra*.

The Order correctly concluded that extra-record discovery is available and has been authorized in this case. *See* Order 4–5, 7; ECF No. 46 at 1–2 (summarizing the repeated rulings to this effect). But the Order then denied *all* requests for extra-record discovery.

Plaintiffs raise to this Court a handful of denied discovery requests that are the *most* necessary and critical for the Court's review of Plaintiffs' APA claim. Although the Order's refusal to compel responses to these requests stems from incorrect interpretations of relevant law, and thus should be reviewed *de novo*, each of the rulings is also clearly erroneous and thus warrants overruling regardless of the standard.

9

I.    **Requests for Production 2 and 5: Timeline for Reviewing SIP Proposals.**

Request for Production 2 sought "[r]ecords reflecting or referencing defendants' standard, anticipated, expected, or desired timeline for reviewing SIP proposals"; and Request for Production 5 sought "[r]ecords reflecting or referencing the timeline for review of any other SIP proposal submitted to defendants." ECF No. 46-2 at 5–6.

The Order concluded without explanation that these two Requests sought "irrelevant" information. Order at 12–13. That was reversible error because information about an agency's standard or expected timeline for review is perhaps the most important information in a case about agency delay. The "time agencies take to make decisions must be governed by a rule of reason," and "timetable[s]" in particular "may supply content for this rule of reason." *TRAC*, 750 F.2d at 80. Defendants' own documents and positions regarding the expected, standard, or desired timelines are thus critical materials for the Court's review, and even Defendants themselves have previously acknowledged that "a timeframe" for review is relevant. ECF No. 45 at 15.

Courts routinely authorize discovery on these matters in agency delay and inaction cases. For example, in *Espino v. USCIS*, No. 5:21-CV-21, 2021 WL 6775011, at *4 (D. Vt. Aug. 18, 2021), the court allowed "discovery on the actual

procedures adopted by the agency" for reviewing the kind of application at issue, especially given the fact "[t]hat the waiting time for Plaintiffs has actually increased," which "raises issues about the agency's application of appropriate resources" to reviewing the applications, *id.* at *4.

Similarly, in *Pandya v. Cuccinelli*, No. 5:20-CV-01541-JMC, 2021 WL 119304 (D.S.C. Jan. 13, 2021), the court indicated "'a significant need for better, more accurate information' regarding visa application processing times,'" which could be addressed only via discovery, *id.* at *7 n.12. And the Fourth Circuit has likewise remanded for discovery because "we do not know enough about how the agency implements its rules and exceptions" when processing the type of application at issue in that case. *Gonzalez v. Cuccinelli*, 985 F.3d 357, 375 (4th Cir. 2021).

Here, however, the Order approved Defendants' refusal to provide any such information regarding SIP proposals. The harm of that decision is compounded by the "isolated administrative record" here, which "would not allow the Court to determine whether the agency adheres to a rule of reason in adjudicating [plaintiffs'] applications." *Gona v. USCIS*, 2021 WL 1226748, at *2 (D.D.C. Apr. 1, 2021). As noted above, the AR here is certainly "isolated." It contains nothing regarding Defendants' standard, anticipated, expected, or desired timeline for review of SIP proposals generally, or Florida's SIP Proposal or other states' SIP proposals specifically—or even basic standard

review procedures for SIP proposals.

The inadequacy of the AR is especially noteworthy because a recent initial FOIA production by Defendants reveals a lengthy document dated from 2022 and labeled as draft "Section 804 Importation Program Proposals Review Standard Operating Procedures in ODSIR" (with an internal link to the FDA's "current version" of those standard operating procedures), as well as a finalized standard review checklist for incoming SIP proposals. But the AR conspicuously omits this checklist and the "current" standard operating procedures, making it all the more important that the Court grant Plaintiffs' requests for discovery because it has become increasingly clear that the AR itself is woefully inadequate.

Because the Order is premised on a misunderstanding of law about the relevance of timeline materials and because the Order did not provide any explanation for why these materials are supposedly irrelevant, this Court should review that decision *de novo* and overrule it. But even if reviewed for clear error, the Court should still reverse because these materials are undoubtedly relevant and critical. The Court should require Defendants to respond promptly and in good faith to Requests for Production 2 and 5.

## II. Interrogatories 22–23: Purely Factual Information About the November 2022 RFI.

Interrogatory 22 asked, "What are the date and length in pages of the

first draft of the November 2022 RFI?" ECF No. 46-4 at 7. And Interrogatory 23 asked, "What was the length in pages of the draft November 2022 RFI as of August 28, 2022?" *Id.* The date of August 28, 2022, refers to when Plaintiffs filed the Complaint in this action.

The Order concluded that these two Interrogatories sought information protected by the deliberative process privilege. Order at 10. That rests on a misunderstanding of law and was also clearly erroneous. The Eleventh Circuit has held that the deliberative process privilege does not apply to "purely factual, investigative matters." *Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Passenger Corp.*, 376 F.3d 1270, 1277–78 (11th Cir. 2004).

These Interrogatories seek only the most basic "factual" information imaginable: the date and page length of documents. That information does not reveal *any* opinions, recommendations, or deliberations, Order at 10, let alone ones prepared in order to assist a decisionmaker in arriving at a decision, *see Moye*, 376 F.3d at 1277.

The Order also failed altogether to analyze the separate requirement of deliberative process privilege that "disclosure 'would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency.'" *Moye*, 376 F.2d at 1277. Failing to consider this requirement was legal error. In any event, revealing the mere dates and page lengths could not possibly stymie internal debate. For example, in *Thomas v.*

13

*Cate*, 715 F. Supp. 2d 1012 (E.D. Cal. 2010), the court held that the deliberative process privilege did not extend to "identification of the materials that were reviewed in connection with [the plaintiff's] parole reversal, the identity of the person reviewing such information, and the length of time spent on such review and the subsequent drafting of the parole reversal," *id.* at 1028.

Notably, the Order did not question the *relevance* of these requests. The dates and page lengths of these drafts of the November 2022 RFI are critical because Defendants themselves repeatedly point to that RFI as the "key document" demonstrating the FDA has supposedly been working diligently on Florida's SIP Proposal, *see* Tr. 19, 25, 27, ECF No. 60 (Feb. 17, 2023); ECF No. 45 at 18 (Defendants relying on the RFI in its prematurely filed motion for summary judgment), but the November 2022 RFI was issued well after litigation in this case began and is orders of magnitude longer than any prior RFI. Many of the items requested in the November 2022 RFI are not supportable by the relevant regulations or seek information only because Defendants have sat on Florida's SIP Proposal for so long. *See* ECF No. 27 at 3 (listing examples). The November 2022 RFI has all the hallmarks of an agency moving the goalposts to give the impression that Plaintiffs are somehow the ones responsible for Defendants' own delay. The eleventh-hour RFI, combined with Defendants' strategy of trying to avoid any scrutiny of the FDA's delay via discovery or even a proper AR, needs to be "explored by

14

plaintiffs" via discovery. *W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 100–01 (D.D.C. 2013).

Because the Order declined to compel production of even "purely factual" information about the November 2022 RFI, *Moye*, 376 F.3d at 1277–78, this Court should overrule that part of the Order and require Defendants to respond promptly and in good faith to Interrogatories 22 and 23.

### III.   Request for Production 7: Drafts of the November 2022 RFI.

For the same reasons as Interrogatories 22 and 23, the Court should overrule the Order's finding that Request for Production 7 (which sought "[a]ll drafts" of the November 2022 RFI) exclusively sought deliberative process privileged material. ECF. No. 46-5 at 6; Order at 10. To be sure, *portions* of the drafts very well may contain privileged material, but Defendants should still be required to produce the drafts with any privileged portions redacted and explained in a privilege log. *See* Part V, *infra*. The length and dates of those drafts—i.e., "purely factual information," *Moye*, 376 F.3d at 1277–78—will themselves provide critical information about the timeline of Defendants' review of Florida's SIP Proposal.

### IV.   Interrogatories 16–19: Purely Factual Information About the RFI Timeline.

After submitting Florida's SIP Proposal in November 2020, Plaintiffs revised it on April 19, 2021; on September 15, 2021; and on November 11, 2021.

*See* Am. Compl. ¶¶ 48, 52, 57–58, ECF No. 7. The latter two revisions were in response to short RFIs sent by Defendants. *Id.* ¶¶ 57–58. Plaintiffs then received no formal communications from Defendants for an entire year, when the lengthy November 2022 RFI was issued.

Given the sharp contrast between the short RFIs in 2021 and the lengthy one in 2022, as well the unusual timing of the November 2022 RFI, Plaintiffs sought basic, factual discovery about those RFIs. For example, Plaintiffs served Interrogatories 7 to 10, each of which asked the same question except with a different date: "After [November 23, 2020; April 19, 2021; September 15, 2021; or November 11, 2021], when Florida submitted [or revised] its SIP Proposal, what information or materials, if any, do defendants contend remained outstanding and prevented adjudication of Florida's SIP Proposal?" ECF No. 46-1 at 6–7. The Order did not dispute that those questions were relevant. Order at 8.

As pertinent here, Plaintiffs then served follow-up Interrogatories 16 to 19, which referenced Interrogatories 7 to 10 and asked, for each date above: "When did defendants first conclude that the referenced information or materials, if any, remained outstanding?" ECF No. 46-4 at 6–7.

The Order, however, concluded that Interrogatories 16–19 sought information protected by deliberative process privilege. Order at 10. But providing the mere calendar dates of certain agency decisions *reflected in*

16

*public documents* requires only the production of "purely factual, investigative matters," *Moye*, 376 F.3d at 1277–78, which the Eleventh Circuit has held as a matter of law are *not* protected by deliberative process privilege. Nor did the Order consider the requirement that the privilege extends only to materials whose "disclosure 'would expose an agency's decision-making process in such a way as to discourage candid discussion within the agency.'" *Id.* at 1277. Revealing the mere dates of when the agency reached a decision that was later publicized could in no way discourage candid discussion. *See, e.g., Thomas*, 715 F. Supp. 2d at 1028.

The Order therefore erred—both as a legal matter and also under the clearly erroneous standard—by concluding Interrogatories 16–19 sought privileged information.

Notably, the Order did not dispute that Interrogatories 16–19 sought *relevant* information. Indeed, the information sought in Interrogatories 16 to 19 is critical for the Court's review. Revealing *when* Defendants first concluded that certain information or materials were allegedly missing from Florida's SIP Proposal goes directly to whether Defendants have acted pursuant to a "rule of reason" as required by the *TRAC* factors. If Defendants concluded long ago that such materials were missing, they inexplicably waited to raise the matter in the November 2022 RFI, i.e., only *after* Plaintiffs sued. If Defendants did *not* conclude in 2021 that allegedly such a voluminous amount of information was

missing from Florida's SIP Proposal (as detailed in the November 2022 RFI), it indicates that Defendants were indeed sitting on Florida's SIP Proposal without making meaningful progress—until they were sued, that is. Either way, the answers to Interrogatories 16–19 are directly relevant to the Court's analysis of the *TRAC* factors and are not privileged.

This Court should overrule the part of the Order addressing Interrogatories 16–19 and require Defendants to respond promptly and in good faith to those Interrogatories.

## V.   Failure to Rule on Plaintiffs' Request for a Privilege Log.

Plaintiffs repeatedly asked that Defendants be required to produce a privilege log detailing their extraordinarily broad claims of deliberative process privilege. *See* ECF No. 46 at 21; ECF No. 52 at 3 n.1. But the Order did not address that issue. This Court accordingly reviews the matter *de novo*. *See* Standard of Review, *supra* (citing cases).

As Judge Rosenberg has explained at length, "deliberative documents are not categorically excluded from the administrative record," nor are such materials "'irrelevant' to APA review." *Ctr. for Biological Diversity v. USFWS*, No. 2:19-cv-14243, 2020 WL 2732340, at *5 (S.D. Fla. May 26, 2020). Rather, "'[i]f a privilege applies, the proper strategy isn't pretending the protected material wasn't considered [by the agency], but withholding or redacting the protected material and then logging the privilege.'" *Id.* at *7. Accordingly,

"deliberative documents may be withheld from the record only upon invocation of the deliberative process privilege, *as documented in a privilege log*." *Id.* at *8. (emphasis added); *see, e.g.*, *Tafas v. Dudas*, 530 F. Supp. 2d 786, 801 (E.D. Va. 2008) (requiring privilege log for deliberative process privilege claims). And a mere assertion of privilege is insufficient. The federal agency must "substantiate[]" its "claim of the deliberative process privilege." *Id.* at *5.

A privilege log is critical so this Court and Plaintiffs can review Defendants' exceedingly broad assertions of deliberative process privilege, which they claim covers almost every conceivable piece of information, even materials that precedent required to be in the AR itself. For example, during the motion to compel hearing, Defendants labeled as "deliberative materials" "all the records" considered by "every FDA employee who … reviewed or weighed in on any of these things" in the November 2022 RFI. Tr. 36:3–12, ECF No. 60 (Feb. 17, 2023). But that is exactly the type of material that the Eleventh Circuit has held is *not only* non-privileged but in fact *must be* included in the AR itself. For example, the AR must include "the information that was before the agency," *Salmeron v. Spivey*, 926 F.3d 1283, 1286 (11th Cir. 2019), including all "documents considered by the staff," *PEACH v. U.S. Army Corp.*, 87 F.3d 1242, 1246 n.2 (11th Cir. 1996). Other courts have likewise made clear that the AR must include all documents that "influenced" the agency even if "not ultimately passed on to the final decisionmaker." *Styrene*

*Info. & Res. Ctr. v. Sebelius*, 851 F. Supp. 2d 57, 64 (D.D.C. 2012). And as noted above, regardless of whether it belongs in the AR, there is no privilege for purely factual matters like "the length of time spent on such review and the subsequent drafting of the [agency document]," *Thomas*, 715 F. Supp. 2d at 1028, and thus Defendants were required to provide responses to discovery requests seeking such information.

The Court should reject Defendants' attempted pincer move of submitting a threadbare AR while simultaneously refusing discovery and claiming almost every piece of information is privileged. A privilege log will hold Defendants to their burden to justify the invocation of such broad privilege assertions.[5]

In accordance with the Court's *Discovery Manual*, the Court should therefore order the production of a privilege log for all materials Defendants have withheld (in whole or in part) on the basis of deliberative process privilege. *See Middle District Discovery* § VI(A)(1) ("A party who … withholds information otherwise discoverable, asserting that the information is privileged or subject to other protection from discovery, must assert the claim expressly and must describe the nature of the documents, communications, or

---

[5] Moreover, even if portions of certain documents did contain truly privileged material, Defendants would still have to segregate and produce the surrounding non-privileged portions of those documents and then provide sufficient information to enable review of the claim of privilege for the redacted portions.

things not produced or disclosed, such that, without revealing the privileged or protected information itself, the description will enable other parties to assess the applicability of the privilege or protection," and "[i]f a motion to compel is filed, the party asserting a protection generally has the obligation to establish by affidavit or other evidence, all facts essential to the establishment of the privilege or protection relied upon."). Defendants cannot simply rely on vague assertions of privilege made during motions hearings.

The log should cover all withheld or redacted materials responsive to Plaintiffs' discovery requests and should include the length of each document, as well. *See, e.g., White v. De La Osa*, No. 07-cv-23381, 2012 WL 202822, at *5 (S.D. Fla. Jan. 23, 2012) ("Any privilege log must indicate … the number of pages in the document."); *In re Braga*, No. 10-MC-23973, 2011 WL 13349581, at *2 (S.D. Fla. Mar. 15, 2011) (privilege "log must list each item separately and must include the date of the document, the sender, all recipients (including CC and BCC recipients), the subject of the communication, the number of pages and any document identifying information").

## VI.   Request for Production 6: Time Sheets for Employees Assigned to Florida's SIP Proposal.

Request for Production 6 sought "[t]elework logs, time sheets, and any other similar timekeeping records for employees assigned to the Office of Drug Security, Integrity, and Response (ODSIR), including Divisions and Branches

within ODSIR, from November 1, 2020, to the present, who worked on the review of Florida's SIP Proposal." ECF No. 46-5 at 5.

The Order concluded this request was not proportional or relevant. Order at 10, 12. That was error. Regarding proportionality: the request is limited in every aspect. It is time limited (only November 1, 2020, to present, tracking when Florida's SIP Proposal has been pending at the FDA), division-limited (only ODSIR), employee-limited (only those who worked on Florida's SIP Proposal), and requires the production only of pre-existing materials (only time sheets or other similar timekeeping records). *See, e.g., Eisenband v. Starion Energy, Inc.*, No. 17-80195-CIV, 2017 WL 4685266, at *2 (S.D. Fla. Oct. 17, 2017) ("[T]he request is proportional, and should not be burdensome because Plaintiff has limited its request of call logs to a short period of time involving the promotional period at issue.").

Regarding relevance, these materials would provide the most direct evidence about whether and when Defendants have reviewed Florida's SIP Proposal. Defendants themselves have previously agreed that the amount of agency effort put into reviewing Florida's SIP Proposal is relevant. ECF No. 45 at 17–18 (Defendants' prematurely filed motion for summary judgment, arguing Defendants have been acting "proactively"). As discussed above, the FDA largely sat on Florida's SIP Proposal for nearly two years, then issued the voluminous November 2022 RFI only after Plaintiffs filed suit. This has all the

hallmarks of an agency that hoped to delay as long as possible, until it was sued, at which point it miraculously issued the lengthy November 2022 RFI to give the appearance not only of sudden agency action, but also imply that Plaintiffs were actually to blame for the delay. The timesheets will reveal when and whether the employees assigned to review Florida's SIP Proposal have actually been working on that matter.

Because Request for Production 6 is limited in time and scope, and requires only the production of pre-existing and critically important materials, this Court should require Defendants to respond promptly and in good faith to Request for Production 6.

## CONCLUSION

Although the Order correctly concluded that extra-record discovery is authorized in this case, the Order declined to compel *any* extra-record discovery. Plaintiffs object to a targeted handful of the Order's rulings. The Court should order Defendants to respond promptly and in good faith to Requests for Production 2 and 5–7, and Interrogatories 16–19 and 22–23, and also order Defendants to produce a privilege log as outlined above.

Dated: March 31, 2023

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/ James H. Percival
James H. Percival* (FBN 1016188)
CHIEF OF STAFF

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Natalie Christmas (FBN 1019180)
COUNSELOR TO THE ATTORNEY GEN-
ERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com
* Lead Counsel

Counsel for the State of Florida

/s/ R. Trent McCotter
C. Boyden Gray (pro hac vice)
R. Trent McCotter (pro hac vice)*
Jared M. Kelson (pro hac vice)
BOYDEN GRAY & ASSOCIATES, PLLC
801 17th St. NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com
* Lead Counsel

ANDREW T. SHEERAN
General Counsel
Florida Bar I.D. No. 0030599
Andrew.Sheeran@ahca.myflor-
ida.com
Agency for Health Care Administra-
tion
2727 Mahan Drive, Mail Stop #3
Tallahassee, Florida 32308
(850) 412-3670

Counsel for Agency for Health Care
Administration

24

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2023, I filed the foregoing via the Court's CM/ECF system, which will serve all counsel.

*/s/ R. Trent McCotter*
R. TRENT MCCOTTER