**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

State of Florida, *et al.*,

Plaintiffs,

v.

Food and Drug Administration, *et al.*,

Defendants.

Case No. 8:22-cv-01981-TPB-JSS

**Defendants' Motion to Stay the Case as to Counts One and Four**

Florida seeks incompatible actions from FDA. For the Administrative Procedure Act ("APA") claim in this case, Florida requests that the Court order Defendants "to immediately review" the State's Section 804 Importation Plan ("SIP") proposal and "provide a determination." Am. Compl., ECF No. 7, at p. 39. Yet in the underlying administrative process, Florida has told FDA that it is "diligently preparing" and "will submit [] as soon as possible" materials to resolve deficiencies in the State's SIP proposal. AR 4617-19; *see* AR 4602–16. The

State unfortunately has not responded to FDA's further inquiry with specific information regarding when these materials will be submitted. AR 4620.[1]

This has left Defendants in a quandary: FDA cannot both rule on Florida's SIP proposal right now *and* await addenda to that proposal until a date unknown. Defendants propose to cut this Gordian knot by moving to stay the case as to the APA claim in Count One and the related request for relief in Count Four until 60 days after the date on which Florida submits the forthcoming addenda to its SIP proposal. This stay would respect Florida's stated intention to provide the requested materials and afford FDA the necessary time to review those materials. At the conclusion of the stay period, FDA would provide the Court with a status report about the anticipated decision-making timeline for Florida's updated SIP proposal.[2]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

[1] On the day of this filing, Plaintiffs' counsel informed Defense counsel that Florida intends to submit the requested materials "quite soon," but did not provide any further specifics. Even if the submission were imminent, a stay would still be warranted, most notably to allow FDA to review the newly submitted materials, as Plaintiffs presumably would like the agency to do, before providing a determination on Florida's SIP proposal.

[2] Two important clarifications: Defendants do *not* propose to stay deadlines relating to their compliance with Magistrate Judge Sneed's discovery order of March 17, 2023 or the briefing of Plaintiffs' objections to and appeal of that order. Also, the stay would not impact the Freedom of Information Act claims, which are receiving special handling.

and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "In determining whether to grant a stay, courts generally examine three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Wright v. eXP Realty, LLC*, No. 6:18-cv-1851-ORL-TBS, 2019 WL 2411312, at *2 (M.D. Fla. June 7, 2019) (quoting *Scoma Chiropractic, P.A. v. Dental Equities, LLC*, No. 2:16-cv-41-FTM-99MRM, 2018 WL 2455301, at *2 (M.D. Fla. June 1, 2018)). Those factors decidedly favor a stay here.

*First*, a stay would further Florida's expressed interest in working collaboratively with FDA about its SIP proposal. *See* AR 4619 (Secretary Weida stating that Florida "wants to work amicably with the FDA"). To that end, the State is "diligently preparing . . . materials in response to specific requests in" FDA's November 2022 request for information. AR 4617. By undertaking this effort, Florida presumably wants FDA to review the resulting materials. FDA certainly would prefer to do so before making a final decision on the proposal. *See* AR 4620 (requesting that Florida "provide the date by which [it] expect[s] to submit the [resulting] materials to FDA" and expressing that "FDA remains committed to working with States such as Florida . . . that propose to develop SIPs"). Thus, a stay would provide the parties with the time necessary to

continue their engagement and allow FDA to make its ultimate decision with the benefit of Florida's forthcoming submission.

Although a stay necessarily postpones adjudication of the unreasonable delay claim, Florida will suffer no undue prejudice. The proposed stay is pegged to the date on which the State submits its promised response, which it has been "diligently preparing" for nearly five months. AR 4617. In other words, Florida's own conduct can impact the length of the stay. And the proposed stay would not bring the entire case to a halt. Defendants will comply with Judge Sneed's March 17, 2023 discovery order, as well as continue their review and production of responsive records on the FOIA claims. Accordingly, FDA believes any potential prejudice from this stay is more than offset by the benefits to the underlying administrative process of respecting Florida's stated intention to submit further materials and allowing FDA to assess these newly produced materials.

*Second*, more than streamlining the issues that need to be litigated, a stay creates opportunity for FDA to provide Florida with the very relief it seeks through litigation — a ruling on its SIP proposal —*after* the agency has had the opportunity to review the new materials Florida intends to submit. *See* Am. Compl., ECF No. 7, at p. 39. On the State's unreasonable delay claim, the Court could, at most, "compel the agency to act," *i.e.*, rule on the proposal, "but has no power to specify what the action must be." *Norton v. S. Utah Wilderness All.*, 542

U.S. 55, 65 (2004). Thus, the claim becomes moot once FDA issues a ruling. *See Sierra Club v. U.S. EPA*, 315 F.3d 1295, 1299 (11th Cir. 2002) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give meaningful relief, then the case is moot and must be dismissed.") (quotation omitted). The requested stay sets the stage for the administrative process to conclude—and the APA claim to become moot—organically rather than prematurely by court order. *See Jones v. Fiorella Ins. Agency*, No. 20-CV-14105, 2020 WL 3637377, at *2 (S.D. Fla. July 1, 2020) (finding that "the potential" for event "to moot [plaintiff's] entire cause of action" favors stay).

*Third* and relatedly, a stay would substantially conserve judicial resources—and the parties' too—by allowing the administrative process to play out. *See Jones*, 2020 WL 3637377, at *2 ("[D]istrict courts across the country have issued orders staying proceedings to conserve judicial resources."). This process may well obviate any need for the parties to brief, much less the Court to decide, any further disputes, including the forthcoming motions for summary judgment. *See Xiu Jin Lin v. McAleenan*, No. 3:19-CV-00283, 2019 WL 5688299, at *12 (S.D.W. Va. Oct. 7, 2019), report and recommendation adopted, No. CV 3:19-0283, 2019 WL 5688189 (S.D.W. Va. Nov. 1, 2019) ("[P]ressing forward with judicial review over the application process while removal proceedings which may negate the basis

for the application are pending would not be an effective use of judicial resources.”).

Accordingly, Defendants request that the Court order the following:

(1) The case is stayed as to the APA claim in Count One and the related request for a declaratory judgment in Count Four until 60 days after the date on which Plaintiffs submit the forthcoming materials referenced in Secretary Weida’s February 6, 2023 letter sent in response to FDA’s November 16, 2022 request for information.

(2) Plaintiffs shall file a notice on the docket when they have submitted these forthcoming materials.

(3) Sixty days after Plaintiffs submit their response, Defendants shall file a status report about FDA’s review of Florida’s proposal and the anticipated timetable for a decision.

April 7, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

HILARY K. PERKINS
Assistant Director
Consumer Protection Branch

*/s/ James W. Harlow*
JAMES W. HARLOW

OF COUNSEL:

SAMUEL R. BAGENSTOS
General Counsel
U.S. Department of Health and Human Services

MARK RAZA
Chief Counsel

WENDY VICENTE
Deputy Chief Counsel, Litigation

SARAH ROSENBERG
Assistant Chief Counsel

WILLIAM THANHAUSER
Associate Chief Counsel
Office of the Chief Counsel
U.S. Food and Drug Administration
10903 New Hampshire Ave.
White Oak 31
Silver Spring, MD 20993-0002

Senior Trial Attorney
Consumer Protection Branch

*/s/ Kimberly R. Stephens*
KIMBERLY R. STEPHENS
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044-0386
(202) 514-6786 (Harlow)
(202) 305-0033 (Stephens)
James.W.Harlow@usdoj.gov
Kimberly.R.Stephens@usdoj.gov

MARCIA BERMAN
Assistant Director
Federal Programs Branch

*/s/ Olivia Hussey Scott*
OLIVIA HUSSEY SCOTT
Senior Counsel
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W., Room 11115
Washington, D.C. 20005
Telephone: (202) 616-8491
Fax: (202) 616-8470
Email: Olivia.Hussey.Scott@usdoj.gov

**Local Rule 3.01(g) Certification**

I certify that, on April 4-7, 2023, I conferred with Plaintiffs' counsel by email to discuss this motion. Plaintiffs oppose this motion and intend to file a written response for the Court's consideration.

April 7, 2023

*/s/ Kimberly R. Stephens*
KIMBERLY R. STEPHENS
Trial Attorney
Consumer Protection Branch