UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

State of Florida, *et al.*,

    Plaintiffs,

v.

Food and Drug Administration, *et al.*,

    Defendants.

Case No. 8:22-cv-01981-TPB-JSS

**Joint Status Report for the FOIA Claims Subject to Special Handling**
**(Counts 2, 3, and 4)**

The parties, by counsel, respectfully submit this Joint Status Report for the claims advanced under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as directed in the Court's January 4, 2023 Case Management and Scheduling Order. ECF No. 44, ¶ 2.[1]

1.     Plaintiffs seek the production of records from Defendant Food and Drug Administration ("FDA") in response to a FOIA request submitted by Plaintiff, the Agency for Health Care Administration ("AHCA"), about the State of Florida's Section 804 Importation Program ("SIP") Proposal, other states' SIP Proposals, and various other records about the Section 804 Importation Program, generally. The relevant time period for the FOIA request is January 1, 2019, to July 6, 2022, the date the request was submitted to FDA.

---

[1] This status report does not address Plaintiffs' claims brought under the Administrative Procedure Act ("APA"), which are proceeding separately.

2. The parties have conferred regarding the scope of AHCA's FOIA request. Specifically, FDA provided its reasonable understanding of certain portions of AHCA's request, described its identified custodians and intended searches, and stated (to the extent possible at this juncture) its objections to the request. *See* ECF 68-1, FDA Letter, dated February 15, 2023 ("Feb. 15 Ltr"); *see also* ECF 68-3, FDA Letter, dated March 17, 2023 ("Mar. 17 Ltr"); ECF 68-5, FDA Letter, dated March 27, 2023 ("Mar. 27 Ltr"). AHCA responded to FDA's positions, noting areas of agreement and disagreement. *See* ECF 68-2, AHCA Letter, dated February 20, 2023 ("Feb. 20 Ltr"); *see also* ECF 68-4, AHCA Letter, dated March 21, 2023 ("Mar. 21 Ltr"). Although the parties have not resolved all of the disputes discussed thus far, the discussions have been productive, and the parties aim to continue discussing ways to narrow the issues in dispute.

3. FDA's searches for potentially responsive records, which include both manual and electronic searches, are ongoing. To date, FDA has begun reviewing, on a rolling basis, the potentially responsive records identified in its initial searches to determine whether any pages are responsive to AHCA's request and, if so, whether any exemptions to disclosure apply under the FOIA. FDA expects that some of the pages identified in its searches may require consultation with other entities that have equities in the records before it can

make a final decision regarding the release or withholding of pages.  AHCA has agreed that any pages that are included in the Administrative Record filed in this case may be excluded from FDA's review.

4. To date, FDA has produced four interim responses to AHCA covering records that FDA identified using Bates-numbering, as shown in the chart below:

| Date | Bates-Number Range for Interim Response |
| --- | --- |
| 3/27/2023 | FDACDER000001 – FDACDER001111[2] |
| 5/4/2023 | FDACDER001112 – FDACDER001617 |
| 5/23/2023 | FDACDER001618 – FDACDER001986 |
| 6/28/2023 | FDACDER001987 – FDACDER002915 |

5. The parties' next joint status report is due in 90 days, on Monday, October 2, 2023.  See ECF No. 44, ¶ 2.

**Plaintiffs' Position:**

6. Plaintiffs respectfully renew their request that the Court require Defendants to review and produce documents at a considerably faster rate than Defendants' proposed 500 pages per month. *See* ECF No. 68 at 3-7.

---

[2] FDA's interim response letter contained an inadvertent typographical error in the identified Bates-numbered range.  The error has been corrected in the Bates-numbered range included herein.

3

7.     Doing so is necessary to prevent the FOIA claims in this case from dragging on for years into the future. Plaintiffs have received (on average) only 535 pages per month since Defendants first began producing records a few months ago. Defendants have not yet begun production of any e-mail records. Even though this case has been pending 10 months, Defendants have not conveyed to Plaintiffs any sense of the volume of potentially responsive records, which is itself a telling fact about how extensive the records must be. And common sense dictates that it is almost certain the e-mail records will be far more voluminous than the scattered records that have been produced thus far, meaning the productions already received are merely the tip of the iceberg.

8.     At the current rate, the productions for the claims in this case would likely stretch for years into the future, and only at the end of that time could the Court finally consider any dispositive motions about the scope of Defendants' search or the propriety of the massive redactions applied to the produced records.

9.     On top of the claims in this case, Plaintiffs have filed a second FOIA suit seeking the same sets of records for a different, more recent time period after Defendants failed to respond to the request as required by statute. *See Florida v. FDA*, No. 8:23-cv-877-TPA-TGW (M.D. Fla.). And Plaintiffs have

submitted a third FOIA request covering the same terms for another intervening time period.

10.     If the Court does not require Defendants to increase substantially their review and production rates, these cases risk lingering on the Court's docket for many years into the future. Moreover, "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses." *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (quoting Long v. U.S. IRS, 693 F.2d 907, 910 (9th Cir. 1982)).

11.     Plaintiffs therefore respectfully renew their request that the Court impose a dramatically higher review and production rate, as explained and supported by caselaw cited in the prior joint status report, which Plaintiffs incorporate by reference. *See* ECF No. 68 at 3-7 (citing authority for as much as 55,000 pages per month from the FDA).

**Defendants' Position:**

12.     Defendants again respectfully ask the Court to deny Plaintiffs' renewed request to impose an expedited processing rate for ACHA's request. Previously, Plaintiffs asked the Court to impose a rate of production of 55,000

pages every 30 days—a rate that is *at least* 110 times faster[3] than FDA's standard processing rate of reviewing 500 pages per month. *See* ECF No. 68 at 3, 7. Now, Plaintiffs' language is less specific, but no less demanding—seeking "a dramatically higher review and production rate" "to prevent the FOIA claims in this case from dragging on for years into the future." *Infra* ¶¶ 11, 7. Plaintiffs' belief that their request is important and should be processed expeditiously is not unique to them but is rather shared by all FOIA requesters.[4] Moreover, Plaintiffs' complaints about how many years it will take to finish processing the records is a function of the breadth of the FOIA request, itself, and wholly within Plaintiffs' power to reduce by narrowing the request. Instead of pursuing a narrow scope, so far in this litigation Plaintiffs have repeatedly asked FDA to expand the scope of its searches by adding more searches with broader search

---

[3] Plaintiffs' request for a production rate instead of a processing rate should also be rejected. FDA cannot know, in advance of its review of a given page, whether or not the page can be produced. The very purpose of processing the pages is to identify whether those records are responsive and not exempt, and therefore can be produced under FOIA. FOIA does not require the production of non-responsive records or any information within the nine exemptions listed in 5 U.S.C. § 552(b).

[4] *See Elec. Privacy Info. Ctr. v. U.S. Dep't of Justice*, 15 F. Supp. 3d 32, 47 (D.D.C. 2014) (denying motion requesting immediate production of documents pursuant to FOIA request and noting that allowing the plaintiff "to jump to the head of the line would upset the agency's processes and be detrimental to the other expedited requesters"); *Daily Caller*, 152 F. Supp. 3d at 14 (stating that "the plaintiff's effort to jump to the head of the FOIA processing line would work a significant burden on both the agency and numerous interested parties").

terms, as well as identifying additional FDA custodians. *See generally, e.g.,* ECF 68-2, Feb. 20 Ltr.; ECF No. 68-4, Mar. 21, Ltr.

13. As Defendants previously explained, FDA's standard review of 500 pages per month is largely consistent with what courts typically require under FOIA to allow an equitable allocation of agency resources across all FOIA cases and requests. *See* ECF No. 68, ¶ 18 (collecting cases recognizing that a standard processing rate of 500 pages per month promotes the equitable allocation of agency resources). FDA uses its standard rate of processing to allocate its limited FOIA processing resources as equitably as possible among the competing demands. *See id.* ¶¶ 19-21.

14. Expediting the processing of AHCA's request would require FDA to divert resources away from its equitable allocation in a manner that would be fundamentally unfair to other FOIA requesters. *See* ECF No. 68 at ¶ 17. In accordance with 5 U.S.C. § 552(a)(6)(E), FDA denied AHCA's expedited processing request because it "[did] not demonstrate[] a compelling need that involves an imminent threat to the life or physical safety of an individual" or involve "an urgency to inform the public concerning actual or alleged Federal Government activity." *See id.* ¶ 17 n.9 (noting that AHCA did not administratively appeal FDA's denial, nor does Plaintiffs' amended complaint raise a specific challenge to FDA's denial of expedited processing). This Court

should resist Plaintiffs' invitation to allow them faster processing at the expense of other pending FOIA requests.

15. Plaintiffs also complain that FDA has not begun producing emails in this matter and take issue with the fact that "Defendants have not conveyed to Plaintiffs any sense of the volume of potentially responsive records" claiming that this is somehow "a telling fact about how extensive the records must be." But, had Plaintiffs inquired, Defendants would have clarified that the electronic searches for this case are still pending, i.e., not yet completed, and so FDA does not yet have the information needed to assess the volume of potentially responsive records that will be returned from its electronic searches. Electronic searches of custodians' electronic records, like email, take time and resources, and here FDA used additional time to confer with Plaintiffs about AHCA's request as well as its identified custodians and search terms for its electronic searches. FDA intends to continue to meaningfully engage with Plaintiffs as this case proceeds, including by providing Plaintiffs with the volume of potentially responsive records once the searches are complete. In the meantime, as noted above, FDA has been diligently working to process at its standard processing rate the potentially responsive pages identified in its manual searches of its custodians' records, and it has produced responsive, non-exempt records identified in its review. *Infra* ¶ 4.

16. FDA thus renews its request to proceed in this case using its standard rate of review for FOIA requests to equitably allocate its processing resources.

| | |
|---|---|
| Dated: July 3, 2023 | Respectfully submitted, |
| BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General | ASHLEY MOODY<br>ATTORNEY GENERAL |
| MARCIA BERMAN<br>Assistant Director<br>Federal Programs Branch | /s/ James H. Percival<br>James H. Percival (FBN 1016188)*<br>CHIEF OF STAFF |
| /s/ Olivia Hussey Scott<br>Olivia Hussey Scott (No. 17336)<br>Senior Counsel<br>Federal Programs Branch<br>Civil Division<br>U.S. Department of Justice<br>1100 L Street, N.W., Room 11115<br>Washington, D.C. 20005<br>Telephone: (202) 616-8491<br>Fax: (202) 616-8470<br>Olivia.Hussey.Scott@usdoj.gov | Henry C. Whitaker (FBN 1031175)<br>SOLICITOR GENERAL<br><br>Natalie Christmas (FBN 1019180)<br>COUNSELOR TO THE ATTORNEY GENERAL<br><br>Office of the Attorney General<br>The Capitol, PL-01<br>Tallahassee, Florida 32399-1050)<br>(850) 414-3300<br>(850)410-2672 (fax)<br>James.percival@myfloridalegal.com<br>*Counsel for the State of Florida* |
| | /s/ Jared M. Kelson<br>R. Trent McCotter (pro hac vice)*<br>Jared M. Kelson (pro hac vice)<br>Boyden Gray & Associates, PLLC<br>801 17th St. N.W., Suite 350<br>Washington, D.C. 20006<br>(202) 706-5488<br>mccotter@boydengrayassociates.com |
| | Andrew T. Sheeran<br>General Counsel<br>Florida Bar I.D. No. 0030599<br>Andrew.Sheeran@ahca.myflorida.com |

        Agency for Health Care Administration
        2727 Mahan Drive, Mail Stop #3
        Tallahassee, Florida 32308
        (850) 412-3670

*Counsel for Agency for Health Care Administration*

\* Lead counsel

*Signed by filing counsel with the permission of non-filing counsel*