IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:22-cv-1981-TPB-JSS

STATE OF FLORIDA, et al.,

*Plaintiffs*,

v.

FOOD AND DRUG ADMINISTRATION, et al.,
*Defendants*.

Case No. 8:23-cv-877-TPB-TGW

STATE OF FLORIDA, et al.,

*Plaintiffs*,

v.

FOOD AND DRUG ADMINISTRATION, et al.,
*Defendants*.

**PLAINTIFFS' MOTION TO SET FINAL FOIA PRODUCTION AND *VAUGHN* INDEX DEADLINES[1]**

Plaintiffs respectfully move the Court to set a completion deadline of February 1, 2024, for Defendants' FOIA productions in the above-captioned cases. Good cause exists for this relief. At the current snail's pace at which Defendants have made productions (including none at all in No. 8:23-cv-877),

---

[1] Plaintiffs are simultaneously filing this motion in both of the above-captioned cases, which are related but not formally consolidated.

1

productions will extend for years into the future before the parties could begin briefing summary judgment on the adequacy of Defendants' searches and the propriety of their extensive redactions and withholdings. Plaintiffs also move the Court to set a deadline of March 4, 2024, for Defendants to provide a *Vaughn* index for their productions.[2]

Plaintiffs in these related cases are the State of Florida and its Agency for Health Care Administration. In No. 8:22-cv-1981, they sued Defendants—the U.S. Food & Drug Administration and its Commissioner, and the U.S. Department of Health and Human Services and its Secretary—alleging that Defendants have violated the Administrative Procedure Act by unreasonably delaying and unlawfully withholding adjudication of Plaintiffs' Section 804 Importation Program Proposal ("Florida's SIP Proposal"), which seeks to import safe prescription drugs from Canada to realize significant cost savings. This Court has stayed the Counts in that case pertaining to the APA claims, pending FDA's adjudication of Florida's SIP Proposal by October 31, 2023.

The remaining Counts in No. 8:22-cv-1981 and all Counts in No. 8:23-cv-877 are premised on Defendants' violations of FOIA. Plaintiffs submitted a FOIA request on July 6, 2022, seeking relevant documents about Florida's SIP

---

[2] A *Vaughn* index "usually consists of a listing of each withheld document, or portion thereof, indicating the specific FOIA exemption applicable and the specific agency justification for the non-disclosure." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1260 (11th Cir. 2008).

2

Proposal and other states' SIP proposals ("July 2022 FOIA Request"). A copy of the July 2022 FOIA Request is attached to this motion as Exhibit A. Defendants' failure to produce records in response to the July 2022 FOIA Request provides the basis for Counts 2 and 3 (and, in part, Count 4) in the amended complaint in No. 8:22-cv-1981.

Plaintiffs submitted substantively identical FOIA requests in March 2023 ("March 2023 FOIA Request") and May 2023 ("May 2023 FOIA Request"), which are at issue in No. 8:23-cv-877. The only meaningful difference between the June 2022, March 2023, and May 2023 FOIA Requests is that each covers a different period of time. The categories of materials sought are the same across all three Requests.

In response to the July 2022 FOIA Request, Defendants did not produce any documents at all until late March 2023, when they sent a few hundred pages of materials as a first tranche. The subsequent productions have occurred roughly once per month, averaging about 500 pages:

| JULY 2022 FOIA REQUEST | | |
|---|---|---|
| *PRODUCTION* | *DATE* | *PAGES PRODUCED* |
| 1 | March 27, 2023 | 339 |
| 2 | May 4, 2023 | 506 |
| 3 | May 23, 2023 | 369 |
| 4 | June 28, 2023 | 929 |
| 5 | July 26, 2023 | 440 |

3

These productions do not yet include the results of searches of e-mail records, which will undoubtedly be more voluminous.

Defendants previously reported that a manual search identified over 5,500 pages of materials potentially responsive to the first portion of Plaintiffs' July 2022 FOIA Request alone (not including any emails). That amount would take 11 months to produce at Defendants' rate of approximately 500 pages per month. Considering the additional portions of the FOIA request, the follow-on March 2023 and May 2023 FOIA Requests, and the fact that Defendants have not yet reported the results of e-mail searches, Defendants' current rate will have these cases still pending on the Court's docket many years from now, before the parties could even begin summary judgment briefing.

In the parties' joint status reports filed in No. 8:22-cv-1981, *see* ECF Nos. 68, 83, Plaintiffs proposed following the lead of Judge Pittman in the Northern District of Texas, who required the FDA to produce documents at a rate of "55,000 pages every 30 days." *Pub. Health & Med. Pros. for Transparency v. FDA*, 2022 WL 90237, at *2 (N.D. Tex. Jan. 6, 2022). That case involved production of FDA records regarding the COVID-19 vaccines, and Judge Pittman explained that "'stale information is of little value'" and therefore "the expeditious completion of Plaintiff's request is not only practicable, but necessary." *Id.* That schedule "appropriately balances the need for unprecedented urgency in processing this request with the FDA's concerns

4

regarding the burdens of production." *Id.* Other courts have also imposed FOIA processing schedules well in excess of the FDA's rate here. *See, e.g., Nat'l Pub. Radio, Inc. v. U.S. Dep't of Treasury*, 2019 WL 12262726, at *2 (D.D.C. Aug. 23, 2019) (agency must review 3,000 documents per months); *Open Soc'y Just. Initiative v. CIA*, 399 F. Supp. 3d 161, 168 (S.D.N.Y. 2019) (agency must review 5,000 pages per month).

The cases before this Court likewise involve time-sensitive and critically important health matters, as Florida and AHCA seek to learn about why Defendants have repeatedly delayed adjudicating Florida's SIP Proposal for almost 1,000 days, pursuant to which the State could have been importing safe prescription drugs from Canada and redistributing them to Floridians at cost savings that economists calculate at over $100 million annually. FOIA provides the best way for Plaintiffs to obtain time-sensitive records demonstrating that Defendants may intend never to grant Florida's SIP Proposal no matter how much information Florida provides.

Defendants have complained that increasing the rate of review and production for Plaintiffs' FOIA Requests would effectively put those Requests ahead of requests made by others, which are also waiting in lengthy queues at the FDA. But Defendants cannot slow-walk or blow past the statutory deadlines for *all* requests and then rely on those same widespread violations as a shield when facing a lawsuit. If Defendants' argument were indulged, it

5

would only encourage agencies to delay further in review and production, safe in the knowledge that they can use their own delay of *all* requests to avoid ever being required to promptly fulfill *any* request. Moreover, these FOIA Requests are not just any old requests. They were made by a sovereign State agency tasked by the Florida Legislature with operating a critical healthcare program established by Congress—a program that lies at the heart of these FOIA Requests.

Defendants have also complained that setting a minimum production rate would not account for documents withheld in their entirety, which still must be reviewed but would not count as paged "produced."

To avoid that concern while ensuring that the volume of review increases to avoid these critically important cases lingering for years, Plaintiffs respectfully move the Court to order Defendants to fully complete their production of records responsive to the FOIA requests at issue in Nos. 8:22-cv-1981 and 8:23-cv-877 by February 1, 2024. That is nearly six months from now and should provide more than enough time for Defendants to complete their review and productions, given that they received the initial FOIA request well over a year ago, and also given that the three FOIA requests at issue seek the same categories of documents, just for different timeframes.

Plaintiffs further move the Court to order Defendants to submit their *Vaughn* index by March 4, 2024, which provides them more than 30 days after

the productions are completed. Production of a *Vaughn* index is appropriate once Defendants have "processed Plaintiff[s'] FOIA request[s]" and have "determined the extent of disclosure." *Edmond v. U.S. Atty.*, 959 F. Supp. 1, 5 (D.D.C. 1997); *see Brennan Ctr. for Just. at N.Y. Univ. Sch. of L. v. U.S. Dep't of State*, 300 F. Supp. 3d 540, 550 (S.D.N.Y. 2018) (citing extensive authority that timing of *Vaughn* index must be made "[a]gainst the backdrop of the anti-delay policy of FOIA" and that agencies are not entitled to wait until dispositive motions to produce the *Vaughn* index); *Sun-Sentinel Co. v. U.S. Dep't of Homeland Sec.*, 431 F. Supp. 2d 1258, 1265 (S.D. Fla. 2006) (noting the Court had ordered the *Vaughn* index produced in advance of summary judgment motions).

If the Court does not require Defendants to increase substantially their review and production rates, these cases will undoubtedly linger on the Court's docket for years into the future. "[U]nreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses." *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) (quoting *Long v. U.S. IRS*, 693 F.2d 907, 910 (9th Cir. 1982)).

\* \* \*

For these reasons, the Court should order Defendants to complete all productions for the FOIA Requests at issue in Nos. 8:22-cv-1981 and 8:23-cv-877 by February 1, 2024, and to produce a *Vaughn* index by March 4, 2024.

Dated: August 22, 2023

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/ Natalie Christmas
Natalie Christmas* (FBN 1019180)
COUNSELOR TO THE ATTORNEY GENERAL

James H. Percival^ (FBN 1016188)
CHIEF OF STAFF

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
james.percival@myfloridalegal.com
* Lead Counsel in 8:23-cv-877

^ Lead Counsel in 8:22-cv-1981

Counsel for the State of Florida

/s/ R. Trent McCotter
R. Trent McCotter (pro hac vice)*
Jared M. Kelson (pro hac vice)
BOYDEN GRAY PLLC
801 17th St. NW, #350
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com
* Lead Counsel

ANDREW T. SHEERAN
General Counsel
Florida Bar I.D. No. 0030599
Andrew.Sheeran@ahca.myflorida.com
Agency for Health Care Administration
2727 Mahan Drive, Mail Stop #3
Tallahassee, Florida 32308
(850) 412-3670

Counsel for Agency for Health Care Administration

9

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2023, I filed the foregoing via the Court's CM/ECF system, which will serve all counsel.

*/s/ R. Trent McCotter*
R. TRENT MCCOTTER

## LOCAL RULE 3.01(G) CERTIFICATION

I certify that, on August 18 and 22, 2023, I conferred with Defendants' counsel via e-mail to discuss this motion. Defendants oppose this relief.

August 22, 2023

*/s/ R. Trent McCotter*
R. TRENT MCCOTTER
