UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| State of Florida, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>Food and Drug Administration, *et al.*,<br><br>       Defendants. | Case No. 8:22-cv-01981-TPB-JSS |
| State of Florida, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>Food and Drug Administration, *et al.*,<br><br>       Defendants. | Case No. 8:23-cv-0877-TPB-TGW |

# Exhibit C



**U.S. Department of Justice**
Civil Division
Federal Programs Branch

*P.O. Box 883*
*Washington, D.C. 20044*

Olivia Hussey Scott
Senior Counsel

Email: olivia.hussey.scott@usdoj.gov
Phone: (202) 616-8491 (ofc); (202) 803-1103 (cell)

June 21, 2023

VIA ELECTRONIC MAIL

R. Trent McCotter, Esq.
Boyden Gray & Associates, PLLC
801 17t St. N.W., #350
Washington, D.C. 20006
mccotter@boydengrayassociates.com

Andrew T. Sheeran, Esq.
Acting Deputy General Counsel
Agency for Health Care Administration
2727 Mahan Dr., Mail Stop #3
Tallahassee, Florida 32308
Andrew.Sheeran@ahca.myflorida.com

>   Re:   *Florida v. FDA,* case no. 8:23-cv-00877-TPB-JSS (M.D. Fl.) - Letter Regarding Scope of FOIA Request

Dear Mr. McCotter and Mr. Sheeran:

      We write regarding the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request submitted by your client, the Agency for Health Care Administration ("AHCA"), to the Food and Drug Administration ("FDA") on March 22, 2023 ("March 2023 Request"), that is at issue in the above-referenced litigation. FDA's reasonable understanding of certain portions of the request is set forth below, as well as its objections regarding the portions of the request that are significantly impacted by the language of the request, which may be unduly burdensome, unreasonably broad, or not reasonably described.

      As an initial matter, we note that when you filed suit in the above-referenced litigation, you related this case to our separately pending litigation in *Florida v. FDA*, Case No. 8:22-cv-1981 (M.D. Fla.), in which AHCA submitted a similar FOIA request to FDA in July 2022 (hereinafter "July 2022 Request") for records covering a different time period. Although the March 2023 Request seeks a different set of records than AHCA seeks by its July 2022 Request, there are striking similarities in the language AHCA used for the two requests. Also, by email you indicated AHCA was interested in leveraging our discussions for the July 2022 Request for this March 2023 Request, if possible. In light of these facts, FDA has taken into account those prior discussions in considering AHCA's March 2023 FOIA request. That said, because the March 2023 Request seeks an entirely separate set of agency records, this letter separately and independently memorializes FDA's reasonable

R. Trent McCotter, Esq.
Andrew T. Sheeran, Esq.
P a g e  | 2

understanding of and objections to the March 2023 Request, as well as the scope of FDA's intended search for potentially responsive records.  Please let us know if you have any questions regarding these issues.

    **I.**    **General Issues Applicable to the March 2023 Request**

        A.  FDA intends to complete manual and electronic searches for potentially responsive records,[1] as described more fully below. It will then review the potentially responsive records identified, on a rolling basis, for de-duplication, responsiveness, and exemptions. FDA expects some of the pages may require consultation from other offices or agencies with equities in the records before it can make a final decision regarding the release or withholding of pages.

        B.  The relevant time period for FDA's searches for the request is or will be July 7, 2022, to March 22, 2023, the date the request was submitted to FDA.

        C.  The use of the phrases "relating to" or "related to" in the request has been or will be interpreted to mean "about" (e.g., records *about* Florida's SIP proposal). FDA will not, however, interpret those phrases to mean "referencing."

        D.  Several portions of AHCA's request seek records about the development of specifically cited rules, which were enacted via rulemaking.  *See* Request Para. Nos. 4, 5, 6, 8, 9 and 14.  Records about the rulemaking at issue in the request are available publicly via the Federal Register.  *See* [Federal Register :: Importation of Prescription Drugs.](#)

        E.  FDA does not intend to conduct searches aimed at capturing publicly available records.

        F.  FDA reasonably interprets AHCA's definition of "records" in its request, *see* n.1, to be limited to only FDA's "agency records" that are available under the FOIA.

        G.  FDA intends to use a "Standardized Custodian Set" for its searches for numbered paragraphs 1, 2, and 4, and 7-13 of AHCA's March 2023 Request, as described in § II, below.  FDA's Standard Custodian Set includes custodians identified from:

                a.  Four offices within FDA's Center for Drug Evaluation and Research (CDER)— its Office of Compliance/Office of Drug Security, Integrity, and Response (OC/ODSIR), its Office of Pharmaceutical Quality (OPQ), its Office of Scientific Investigations (OSI), and its Office of Regulatory Policy (ORP). Specifically, from OC/ODSIR and OPQ, FDA has identified as custodians the employees that are responsible for overseeing the Section 804 Importation Program and/or reviewing the SIP proposals submitted by Florida, New Mexico, New Hampshire, and Colorado.  From OSI and ORP, FDA has identified as custodians the employees who are responsible for reviewing portions of the

---

[1] FDA's search will not extend beyond its own agency records.

R. Trent McCotter, Esq.
Andrew T. Sheeran, Esq.
P a g e | 3

        relevant SIP proposals.

    b. FDA's Office of Policy, Legislation, and International Affairs (OPLIA), to the extent any OPLIA employees worked on the development of the Section 804 Importation Program rule. However, FDA does not intend to include within its Standardized Custodian Set any OPLIA employees who only acted as communications liaisons, because communications liaisons generally do not have oversight of the Section 804 Importation Program or responsibility for reviewing SIP proposals.

    c. FDA's Office of Chief Counsel employees that were assigned to provide legal advice to or otherwise support FDA employees overseeing FDA's Section 804 Importation Program.

H. FDA does not intend to re-produce to AHCA records produced to AHCA as part of the Administrative Record in in *Florida v. FDA*, Case No. 8:22-cv-1981 (M.D. Fla.), or otherwise in response to AHCA's July 2022 FOIA Request (e.g., any Standard Operating Procedures (SOPs) about the review of SIP proposals, including the review and approval process for such proposals).

I. For its July 2022 Request, AHCA asked FDA to prioritize FDA's processing of its request, if possible, in the following order: Numbered Paragraphs 1, 4, 5, 6, 8, 9, 11, 12, 13, 7, 10, 2, 3, 14.  *See* Letter from R. Trent McCotter, dated February 2, 2023, § I.J.  But AHCA's March 2023 Request did not identify any preferred processing order.  Please let us know if AHCA would like to provide FDA with AHCA's prioritization preference in this case.  As before, FDA is willing to consider and try to implement AHCA's stated prioritization.

## II. Issues Specific to Numbered Portions of AHCA's March 2023 Request

The paragraphs below summarize FDA's reasonable interpretations of the fourteen numbered portions of AHCA's March 2023 Request, as well as the searches for and review of potentially responsive material that FDA has or will complete in this case.  FDA has begun its searches for records held by the custodians identified in this letter and those searches are ongoing.  To the extent specific search terms/search strings are identified below, those will be used in FDA's electronic searches; FDA's manual searches do not necessarily utilize the same form of search strings.  Please note that as FDA completes its searches, it will be better positioned to evaluate the volume and nature of the results.

    A. <u>Numbered Paragraph 1</u>: Records about Florida's SIP proposal.

FDA intends to conduct searches using its Standardized Custodian Set.  FDA intends to use the following electronic search terms / strings: (i) "Florida" and "SIP proposal"; (ii) "Florida" and "SIP"; (iii) "Florida" and "Section 804 Program Proposal"; (iv) "Florida" and "RFI"; (v) "Florida" and "Request for Information"; (vi) "FL" and "SIP"; (vii) "Fla" and "SIP"; (viii) "FL" and "804"; (ix) "Fla" and "804"; (x) "Florida" and "804"; (xi) "FL" and "RFI"; (xii) "Fla" and "RFI"; (xiii) "FL"

R. Trent McCotter, Esq.
Andrew T. Sheeran, Esq.
P a g e  | 4

and "Request for Information"; (xiv) "Fla" and "Request for Information"; (xv) "AHCA"; (xvi) "Agency for Health Care"; (xvii) "Agency for Healthcare"; (xviii) "251"; (xix) "CFR 251"; (xx) "C F R 251; and (xxi) "ahca.myflorida.com."

As noted above and consistent with our agreement in the earlier related case, *Florida v. FDA,* case no. 8:22-cv-01981-TPB-JSS (M.D. Fl.), FDA does not intend to produce records that are a part of the Administrative Record for the APA claim in that case. Further, FDA does not intend to conduct searches aimed only at returning non-public records prepared in anticipation of or created about litigation over FDA's decision-making or timeline for consideration of Florida's SIP proposal. *See, e.g., Florida v. FDA,* case no. 8:22-cv-01981-TPB-JSS (M.D. Fl.). Such records are likely protected from disclosure by litigation privilege(s) and thus exempt from disclosure under 5 U.S.C. § 552(b)(5).

    B. <u>Numbered Paragraph 2</u>: Records about Canadian drug importation programs, including SIP proposals, for the following states: Colorado, New Mexico, New Hampshire, Vermont, and Maine.

FDA intends to conduct searches using its Standardized Custodian Set.  FDA intends to use the following electronic search terms / strings: (i) "New Mexico" and "SIP proposal"; (ii) "New Mexico" and "SIP"; (iii) "New Mexico" and "Section 804 Program Proposal"; (iv) "NM" and "SIP"; (v)"NM" and 804";  (vi)"New Mexico" and "804"; (vii) "New Mexico" and "RFI"; (viii) "New Mexico and Request for Information"; (ix) "NM" and "Request for Information"; (x) "NM" and "RFI"; (xi) "New Hampshire" and "SIP Proposal"; (xii) "New Hampshire" and "SIP"; (xiii) "New Hampshire" and "Section 804 Program Proposal"; (xiv) "New Hampshire" and RFI"; (xv) "New Hampshire" and "Request for Information"; (xvi)"NH" and "SIP"; (xvii) "NH" and "804"; (xviii) "New Hampshire" and "804"; (xix) "NH" and "Request for Information"; (xx) "NH" and "RFI"; (xxi) "Colorado" and "SIP proposal"; (xxii) "Colorado" and "SIP"; (xxiii) "Colorado" and "Section 804 Program Proposal"; (xxiv) "Colorado" and "RFI"; (xxv) "Colorado" and "Request for Information"; (xxvi) "CO" and "SIP"; (xxvii) "CO" and "804"; (xxviii) "Colorado" and "804"; (xxix) "CO" and "Request for Information"; and (xxx) "CO" and "RFI."

FDA does not expect to have any responsive records for the portion of the request related to the states of Vermont and Maine, because those states did not submit SIP proposals during the relevant time period.  Accordingly, FDA does not intend to conduct searches for this portion of the request as it relates to Vermont or Maine.

To the extent AHCA seeks records in this portion of the request about Canadian drug importation programs other than for SIP proposals submitted by the named states, the request fails to reasonably describe the records sought.  In particular, because no Canadian drug importation program was authorized during the relevant time period, FDA does not expect to have any responsive records related to the existence of such a program.  Accordingly, FDA does not intend to conduct searches beyond those described above, because the remaining portions of this request are not reasonably described and are unduly burdensome and unreasonably broad.

    C. <u>Numbered Paragraph 3</u>: Records about the Canadian drug importation program and private pharmaceutical stakeholders, including pharmaceutical companies, lobbying groups, and advocacy groups, including the Pharmaceutical Research and Manufacturers

R. Trent McCotter, Esq.
Andrew T. Sheeran, Esq.
P a g e | 5

of America (PhRMA).

FDA intends to complete searches using its Standardized Custodian Set as well as custodians identified in the Office of the Commissioner who were points of contact for private pharmaceutical companies, lobbying groups, and advocacy groups about the Canadian drug importation program. FDA intends to use the following electronic search terms / strings: (i) "PhRMA" and "Section 804 Program"; (ii) "PhRMA" and "SIP"; (iii) "Pharmaceutical Research and Manufacturers of America" and "Section 804 Program"; (iv) "Pharmaceutical Research and Manufacturers of America" and "SIP"; (v) "PhRMA" and "804"; (vi) "Pharmaceutical Research and Manufacturers of America" and "804"; and (vii) "phrma.org."

FDA does not intend to conduct additional searches aimed only at returning non-public records prepared in anticipation of or created about litigation challenging aspects of the Section 804 Program. *See, e.g., Pharm. Rsch. & Mfrs. of Am. v. U.S. Dep't of Health & Hum. Servs.*, case no. 1:20-cv-03402-TJK (D.D.C.); *see also Florida v. FDA,* case no. 8:22-cv-01981-TPB-JSS (M.D. Fla.). Such records are likely protected from disclosure by litigation privilege(s) and thus exempt from disclosure under 5 U.S.C. § 552(b)(5).

To the extent AHCA seeks records in this portion of the request about "private pharmaceutical stakeholders," "pharmaceutical companies," "lobbying groups," or "advocacy groups" other than PhRMA, the request fails to reasonably describe the records sought. Accordingly, FDA does not intend to conduct further searches for this portion of the request, as it is not reasonably described and is unduly burdensome and unreasonably broad.  To the extent AHCA believes additional targeted searches might capture responsive, non-exempt records that are not likely captured by the searches described herein, please identify the additional search terms / strings for FDA's consideration.[2]

- D. <u>Numbered Paragraph 4</u>:  Records about the development of the SIP review and approval process, including the development of the standards for ascertaining "cost savings to the American consumer."  21 CFR § 251.3(d)(11)(v), 251.3(e)(9).

For AHCA's July 2022 FOIA Request, FDA conducted a manual search for any Standard Operating Procedures (SOPs) about the review of SIP proposals, including the review and approval process for such proposals; FDA's review of its search results for the July 2022 Request is ongoing. To the extent FDA has responsive and nonexempt SOPs, such records will be produced under FOIA to AHCA in response to AHCA's July 2022 Request.  FDA does not intend to re-produce to AHCA records produced in response to its earlier request.  As such, for this portion of the request,

---

[2] In particular, FDA notes that this portion of AHCA's request only specifically identifies PhRMA, even though this request was made after the parties' discussions for the July 2022 Request, wherein AHCA requested and FDA agreed to conduct electronic searches with terms related to two other specific groups—the Association for Accessible Medicines ("AAM") and the Partnership for Safe Medicines ("PSM")—using the following search terms / search strings: (viii) "AAM" and "SIP"; (ix) "AAM" and "804"; (x) "Accessible Medicines" and "SIP"; (xi) "Accessible Medicines" and "804"; (xii) "PSM" and "SIP"; (xiii) "PSM" and "804"; (xiv) "safemedicine" and "SIP"; and (xv) "safemedicine" and "804."  In light of the parties' prior discussions and AHCA's subsequent choice not to identify AAP or PSM as part of its March 2023 Request, FDA does not intend to expand the scope of this portion of the request to include additional electronic search terms discussed for the July 2022 Request.

R. Trent McCotter, Esq.
Andrew T. Sheeran, Esq.
P a g e | **6**

FDA intends only to update its manual search to look for potentially responsive records not captured in its prior searches.

Also, FDA intends to conduct electronic searches using its Standardized Custodian Set for the following electronic search terms / strings: (i) "Standard Operating Procedures" and "Section 804 Program"; (ii) "Standard Operating Procedures" and "SIP"; (iii) "SOPs" and "Section 804 Program"; (iv) "SOPs" and "SIP"; (v) "cost savings" and "Section 804 Program"; (vi) "cost savings" and "SIP; (vii) "SIP" and "timeline"; (viii) "804" and "timeline"; (ix) "SIP" and "month"; (x) "804" and "month"; (xi) "SIP" and "year"; (xii) "804" and "year"; (xiii) "SIP" and "251"; (xiv) "804" and "251"; (xv) "SIP" and "CFR 251"; (xvi) "804" and "CFR 251"; (xvii) "804" and "fiscal"; (xviii) "804" and "price"; (xix) "SIP" and "fiscal"; and (xx) "SIP" and "price."

To the extent AHCA seeks records in this portion of the request other than any FDA SOPs about SIP review and approval process, the request fails to reasonably describe the records sought. Accordingly, FDA does not intend to conduct further searches for this portion of the request, as it is not reasonably described and is unduly burdensome and unreasonably broad. To the extent AHCA believes additional targeted searches might capture responsive, non-exempt records that are not likely captured by the searches described herein, please identify the additional search terms / strings for FDA's consideration.

E. <u>Numbered Paragraph 5</u>: Records about the "risk" to the American public's health and safety. 21 CFR § 251.7(c)(4).

FDA is unable to scope a reasonable search for this portion of the request because every FDA record is—in one way or another—about risk to the American public's health and safety. FDA is responsible for protecting the public health by assuring the safety, efficacy, and security of human and veterinary drugs, biological products, medical devices, our nation's food supply, cosmetics, and products that emit radiation. 21 U.S.C. § 393(b). Thus, this request for FDA records about risk to health and safety is unreasonably broad and unduly burdensome.

The citation to 21 CFR § 251.7(c)(4) does not narrow or otherwise clarify this request. Section 251.7 regulates a suspension and revocation of an authorized importation program. Because such a program has not yet been authorized, 21 CFR § 251.7 is an inert regulation and FDA is unlikely to have any records about its use or application that would clarify the scope of AHCA's overbroad request.

F. <u>Numbered Paragraph 6</u>: Records about standards for laboratory testing. *See* 21 CFR § 251.16(a).

FDA is unable to scope a reasonable search for this portion of the request because nearly every FDA program and initiative contains some form of laboratory testing of the various drugs, biological products, medical devices, or foods that FDA regulates. As explained above, FDA's mission requires such laboratory testing as part of its public health and safety responsibilities. 21 U.S.C. § 393(b). Thus, this request for FDA records about laboratory testing is unreasonably broad and likely unduly burdensome.

R. Trent McCotter, Esq.
Andrew T. Sheeran, Esq.
P a g e  | 7

The citation to 21 CFR § 251.16(a) does not narrow or otherwise clarify this request because it requires that "[t]he manufacturer or the Importer must arrange for drugs imported under an authorized SIP to be tested by a qualifying laboratory." Because such a program has not yet been authorized, FDA is unlikely to have records from a manufacturer or Importer related to the existence of such arrangements. Further, FDA's searches for numbered paragraphs 1-2, above, should capture any potentially responsive records about laboratory testing contained within the relevant states' SIP proposals. As such, FDA declines to conduct an additional search for this portion of the request, because any search for FDA records about standards for laboratory testing, in general, would be unreasonably broad and unduly burdensome.

    G. <u>Numbered Paragraphs 7-9</u>: Records about Tab A hereto, which is an FDA presentation titled "Section 804 Importation Program: Overview of Final Rule and Implementation," dated March 31, 2022; Records about a completeness review. *See* slide 8 of Tab A ("To be considered complete, a SIP proposal should provide all required information pursuant to the Final Rule with emphasis on SIP proposal submission requirement (21 CFR § 251.3)"); and Records about a substantive review and the timeline for such a review. *See* slide 8 of Tab A hereto ("The review verifies that all required elements are addressed before we perform a substantive review.").

For AHCA's July 2022 FOIA Request, FDA conducted a manual search for agency records held by FDA employee(s) who authored or gave the presentation attached to the request at Tab A for records about the presentation. To the extent FDA has responsive and nonexempt responsive to this search, such records will be produced under FOIA to AHCA in response to AHCA's July 2022 Request. FDA does not intend to re-produce to AHCA records that have been produced in response to its earlier request. As such, for this portion of the request, FDA intends only to update its manual search to look for potentially responsive records not captured in its prior search.

FDA also intends to conduct electronic searches using its Standardized Custodian Set for the following electronic search terms / strings: (i)"Section 804 Importation Program" and "Overview of Final Rule and Implementation"; (ii) "Section 804 Importation Program" and "completeness review"; (iii) "Section 804 Importation Program" and "substantive review"; (iv) "SIP" and "Overview of Final Rule and Implementation"; (v) "SIP" and "completeness review"; (vi) "SIP" and "substantive review"; (vii) "SIP" and "Overview of Final Rule"; (viii) "Section 804 Importation Program" and "Overview of Final Rule"; (ix) "85 FR 62094"; (x) "804" and "complete"; (xi) "SIP" and "complete"; (xii) "804" and "substantive"; and (xiii) "SIP" and "substantive."

    H. <u>Numbered Paragraphs 10-13</u>: Records about Tab B hereto, which is an FDA presentation titled "Projecting Cost Savings for the American Consumer," dated March 31, 2022."; Records about the Canadian drug importation program and HHS guidelines for Regulatory Impact Analysis. *See* slide 3 of Tab B hereto ("The HHS Guidelines for Regulatory Impact Analysis discuss this widely used framework for collecting, organizing, and evaluating data on the anticipated consequences of regulatory actions."); Records about "analytic approaches." *See* slide 3 of Tab B hereto ("Other analytical approaches may be appropriate. Note that the SIP Proposal's cost-saving explanation

R. Trent McCotter, Esq.
Andrew T. Sheeran, Esq.
P a g e | **8**

>must include any assumptions and uncertainty, and it must be sufficiently detailed to allow for a meaningful evaluation. The SIP Proposal's discussion of assumptions should include an explanation of the analytic approach adopted by the SIP Sponsor"; and Records about "measuring prices." *See* slides 9-12 of Tab B hereto.

FDA notes that this portion of the request inaccurately refers to the attached presentation as an "FDA presentation." *Compare* FOIA Req. ¶¶ 10-13, *with* FOIA Req. Tab B. On page 1 of the presentation, an HHS employee is identified as the apparent author and/or presenter and the HHS Office of the Assistant Secretary for Planning and Evaluation (ASPE) is listed on each subsequent page of the presentation.

For this portion of the request, FDA intends to conduct electronic searches using its Standardized Custodian Set for the following electronic search terms / strings: (i) "Section 804 Importation Program" and "Projecting Cost Savings for the American Consumer"; (ii) "SIP" and "Projecting Cost Savings for the American Consumer"; (iii) "SIP" and "baseline"; (iv) "SIP" and "regulatory impact"; (v) "804" and "regulatory impact"; (vi) "SIP" and "analytic"; (vii) "804" and "analytic"; (viii) "SIP" and "measure"; (ix) "SIP" and "price"; (x) "SIP" and "markup"; (xi) "804" and "measure"; (xii) "804" and "price"; (xiii) "804" and "markup"; (xiv) "SIP" and "project cost;" and (xv) "804" and "project cost."

I. <u>Numbered Paragraph 14</u>: Records about the basis or bases for denial of a SIP proposal. 21 CFR § 251.4(a).

FDA notes that the searches it is and will conduct for numbered paragraphs 1-2, described above, are reasonably scoped to capture any potentially responsive records for this portion of the request.

\* \* \* \*

We hope to work together to resolve these issues and look forward to your response.

Sincerely,

*/s/ Olivia Hussey Scott*
Olivia Hussey Scott